898 So.2d 213 (2005)
John DAUSMAN, Appellant,
v.
HILLSBOROUGH AREA REGIONAL TRANSIT, Appellee.
No. 2D04-3521.
District Court of Appeal of Florida, Second District.
March 11, 2005.
*214 David J. Linesch of The Linesch Firm, Palm Harbor, for Appellant.
Constantine W. Papas of Gray Robinson, P.A., Tampa, and Mark E. Levitt of Allen, Norton & Blue, P.A., Tampa, for Appellee.
WHATLEY, Judge.
John Dausman appeals the final summary judgment that dismissed with prejudice his complaint against Hillsborough Area Regional Transit (HART) on the ground that he failed to state a cause of action under the private sector whistle blower act, § 448.102, Fla. Stat. (2003). Dausman argues that the trial court erred in denying his motion for rehearing in which he sought to amend his complaint to allege a violation of the public sector whistle blower act, § 112.3187, Fla. Stat. (2003), and to have the court declare that the amendment related back to the original complaint in order to avoid the running of the public act's statute of limitations. We reverse.
Dausman filed his motion for rehearing after the hearing on HART's motion for summary judgment at which the trial court orally announced that it was granting HART's motion, but before a final summary judgment was rendered. Attached as an exhibit to the motion for rehearing was Dausman's proposed second amended *215 complaint, which was identical to his previous amended complaint except that it cited the public sector whistle blower act and it alleged that HART was an agency as defined in the public act.
"A party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment. According to Florida Rule of Civil Procedure 1.190(a), `Leave of court [to amend pleadings] shall be given freely when justice so requires.'" Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422 (Fla. 5th DCA 2003) (citations omitted). "Leave to amend should be freely given, the more so ... when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought." Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc., 637 So.2d 968, 970 (Fla. 5d DCA 1994) (citing Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137, 141 (Fla. 3d DCA 1977)). The decision whether to allow the amendment of a pleading is within the trial court's discretion. Graziani, 840 So.2d 420. "However, the trial court's discretion should be exercised in accordance with the public policy of this state to freely allow amendments so that cases may be resolved on their merits." Craig v. E. Pasco Med. Ctr., Inc., 650 So.2d 179, 180 (Fla. 2d DCA 1995).
The trial court abused its discretion in denying Dausman's request to amend his complaint because the request was made before final summary judgment was rendered and because the amendment was based on the same conduct upon which the original claim was brought; it merely changed the legal theory of the action." `[A]n amendment which merely ... changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim.'" Holley v. Innovative Tech. of Destin, Inc., 803 So.2d 749, 750 (Fla. 1st DCA 2002) (quoting Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989)). See Fla. R. Civ. P. 1.190(c) ("Relation back of amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.").
Accordingly, we reverse the final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, C.J., and FULMER, J., Concur.