PETERSON, J.
Maria Sinfort appeals a final summary judgment granted to Food Lion, LLC, d/b/a Save ’N Pack, (“Food Lion”), in which the trial court found no liability for personal injuries allegedly sustained by Sinfort when she slipped and fell in the produce section of a Food Lion store.
Sinfort’s complaint alleged that Food Lion negligently allowed a liquid substance to exist on its floor in its produce section, failed to warn of the existence of the substance, failed to adequately inspect the floor, failed to correct the dangerous condition although Food Lion had a sufficient length of time to discover it, and failed to maintain the refrigerated produce displays in the store to prevent water leakage that caused a dangerous condition.
Sinfort testified during her deposition that she saw nothing on the floor before she slipped. She further testified that she first noticed that her clothes and buttocks were wet when she fell a second time after trying to get up off the floor and noticed that several areas of the floor had multiple puddles of water on the surface. She filled out an incident report at the store, returned to her home and then went to a hospital emergency room after her husband returned from work.
Food Lion’s motion for summary judgment was accompanied by an employee’s brief affidavit stating only that she inspected the floor area where Sinfort fell approximately 10 to 15 minutes before the fall and saw no water on the floor.
Section 768.0710 became effective for cases pending as of May 30, 2002, making it applicable to the instant case:
Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises.—
(1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable ef *523 forts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
(2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
(a) The person or entity in possession or control of the business premises owed a duty to the claimant;
(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of. operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.
In this case, satisfaction of sections 768.0710(2)(b) and 768.0710(2)(c) are at issue. Sinfort testified that she did not see the water on the floor because it was clear and the floor was cream colored, but could only speculate as to the source of the contamination. The employee’s affidavit shows that she was employed by the store, and on the date of the injury she “inspected the floor in the area where Plaintiff alleges she fell approximately 10 to 15 minutes before the alleged accident, and I did not see any water on the floor.” This affidavit merely reveals that the employee inspected the floor; it does not describe the manner in which the inspection was conducted. This is relevant in this case because if the inspection was merely to glance down the aisle, the employee would not have seen the water, although it could have been there.
We reverse for two reasons: (1) Food Lion’s motion for summary judgment focused on the inspecting employee’s statement that water was not seen on the floor and nothing was offered to counter Sin-fort’s allegations that the refrigerated produce displays were so negligently maintained that they leaked water that caused the dangerous condition, and (2) leakage could have occurred within the interval between the inspection and the slip and fall.
REVERSED.
GRIFFIN and PALMER, JJ., concur.