939 So.2d 1106 (2006)
FOOD LION, LLC, Appellant,
v.
MONUMENT/JULINGTON ASSOC. LTD. PARTNERSHIP, a/k/a STAFFORD DEVELOPMENT CO. and FAY CHAMBERLAIN, Appellees.
Case No. 1D05-3769.
District Court of Appeal of Florida, First District.
Opinion filed September 20, 2006.
James G. Lindquist, Esquire and David M. Fernandez, Esquire of Barr, Murman & Tonelli, P.A., Tampa, for Appellant.
Charles Cook Howell, III, Esquire of Howell & O'Neal, P.A., Jacksonville, for Appellee Monument/Julington Assoc. Ltd. Partnership, a/k/a Stafford Development Co. and Randall Rutledge, Esquire, Jacksonville, for Appellee Fay Chamberlain.
BENTON, J.
This case grows out of a dispute between the owner of a shopping center and one of its tenants, a grocery store, about who is responsible for injuries Fay Chamberlain, a grocery store customer, sustained when she slipped on an icy sidewalk outside the store. The grocer leases the store building, but not the sidewalk. We reverse summary judgment entered in favor of the shopping center owner.
The customer sued the owner and Food Lion, LLC (Food Lion), the grocer. Food Lion filed a cross-claim against the shopping center owner for indemnification and contribution, a cross-claim it later dismissed. Judgment was entered thereafter against the plaintiff on the owner's motion for summary judgment, which the customer did not oppose or appeal. Here, as below, however, Food Lion argues that entering summary judgment in favor of the owner and against the customer was error. See Holton v. H.J. Wilson Co., Inc., 482 So. 2d 341, 342 (Fla. 1986) (recognizing a civil defendant's "right to appeal alleged errors in judgments exonerating codefendants").
The mere right to appeal does not obviate the necessity to preserve for appeal every point urged on appeal. See, e.g., C.M. v. Dep't of Child. & Fam. Servs., 854 So. 2d 777, 780 (Fla. 4th DCA 2003) ("[T]he error was not preserved and is not a ground for reversing the order terminating the mother's parental rights."). Food Lion's dismissal of its cross-claim precludes relief on the present appeal, therefore, on the claims for indemnification and contribution it first stated in the cross-claim, then abandoned by dismissing the cross-claim.
But the judgment exonerating the shopping center owner also affects important procedural rights Food Lion would otherwise have, under Fabre v. Marin, 623 So. 2d 1182, 1183-85 (Fla. 1993), receded from in part on other grounds in Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc., 659 So. 2d 249, 250-54 (Fla. 1995), and its progeny, see Thomas v. Daniel, 736 So. 2d 100, 101(Fla. 1st DCA 1999) ("[T]o include a nonparty on a verdict form, defendants seeking to raise third-party liability must not only plead the nonparty's negligence as an affirmative defense, but must also specifically . . . prove the nonparty's fault in causing the accident."), and Food Lion did argue against entry of summary judgment below.
Accordingly, we reach Food Lion's contention that summary judgment should be reversed because the shopping center owner's nondelegable duties to Ms. Chamberlain did not, on the facts developed below, rule out liability on the part of the owner for her injuries. A landowner owes a business invitee a duty not only to react to hazards of which it has notice but also to inspect to ensure conditions are safe or, at the least, that hazards (unless open and obvious) are discovered and warned against. See Lynch v. Brown, 489 So. 2d 65, 66 (Fla. 1st DCA 1986); Anderson v. Walthal, 468 So. 2d 291, 294 (Fla. 1st DCA 1985) (explaining that the landlord had a duty "to use ordinary care in keeping the premises in a reasonably safe condition"). See also § 768.0710(2)(b), Fla. Stat. (2002) ("Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.").
Whether a landlord's duty to maintain the premises "ha[s] been breached is ordinarily a question for the jury to decide." Hancock v. Dep't of Corr., 585 So. 2d 1068, 1071 (Fla. 1st DCA 1991). We reverse and remand for a trial at which "evidence of notice or lack of notice" can be adduced "together with all of the [other] evidence," § 768.0710(2)(b), Fla. Stat. (2002), on the plaintiff's claims.
Reversed and remanded.
ERVIN and BROWNING, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.