987 So.2d 96 (2008)
C.H., Individually, and as Settlor, etc., et al., Appellant,
v.
Randall B. WHITNEY, M.D. et al., Appellee.
No. 5D06-3639.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
Rehearing Denied July 29, 2008.
*97 Barbara Green of Barbara Green, P.A., Miami, and Jennifer G. Fernandez of the Fernandez Firm, Tampa, for Appellant.
Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Appellees James Scott Pendergraft, IV, M.D., Randall B. Whitney, M.D., and Orlando Women's Center, Inc.
PALMER, C.J.
C.H. appeals the final order entered by the trial court in favor of Randall B. Whitney, M.D. et al., Dr. James Pendergraft, IV, and the Orlando Women's Center (hereafter collectively referred to as Whitney). Determining that the trial court erred in concluding that C.H.'s second amended complaint did not relate back to the date of the filing of her original complaint, we reverse.
This case involves a child, J.F., and her mother, C.H., who claim that Whitney committed medical malpractice. Their claim is based on the following alleged facts.[1]
C.H. arrived at the Orlando Women's Center planning to abort her fetus. When she arrived at the clinic, she received a sonogram and was "counseled" by one of the staff members for about three minutes. C.H. was advised that she would be given medication that would slow down and eventually stop her fetus' heart, and that the fetus would thereafter be stillborn. The information provided to C.H. by the Center about the abortion procedure was inaccurate, including the statement that the procedure would be performed by a doctor. After C.H. was given medication, no doctor examined her and no one checked on her progress. Every couple of hours C.H. was given more medication. After twelve hours at the center, while in active labor and after her request for a doctor and pain medication were rejected, C.H. was ordered by a staff member to leave the Center. C.H. drove herself home. Shortly thereafter, C.H. called 911. C.H. was transported to a local hospital where she gave birth to J.F. a few hours later. J.F. was born prematurely, suffering permanent physical and mental injuries. The complaint alleged that Whitney's conduct constituted gross negligence and said negligence contributed to J.F.'s premature birth and resulting disability.
The initial complaint was filed alleging medical malpractice and the complaint designated the following party as the plaintiff:
Douglas B. Stalley, as guardian de son tort of the property of J.F., an incapacitated minor.
*98 The complaint contained the following claim for damages:
As a direct and proximate result of the negligence of the Defendants, described more fully herein, the child, J.F., was born prematurely and has suffered bodily injury and resulting pain and suffering, impairment, disability, inconvenience, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a previously-existing condition.
Subsequently, a first amended complaint was filed changing the name of the plaintiff to the following:
Douglas B. Stalley, as guardian of the property of J.F., an incapacitated minor.
The damages claimed were the same as those listed in the original complaint.
Whitney filed a motion seeking entry of summary judgment in his favor arguing that the claims on behalf of J.F. were for "wrongful life", a cause of action not recognized in Florida. The motion further alleged that only a "wrongful birth" action was recognized in Florida and, therefore, only the parent of a child had the legal right to file suit for damages suffered in the child's birth. Whitney contended that the action was erroneously commenced by the minor child, through a court-appointed guardian, and at no time was the minor child's mother or father a party to the lawsuit.
During the summary judgment hearing, the trial court granted C.H.'s ore tenus motion to amend the complaint to assert claims on behalf of J.F.'s parents. C.H. thereafter filed a second amended complaint listing the following as plaintiffs:
C.H., individually, and as Settlor of the J.F. Special Needs Trust, and The Center for Special Needs Trust Administration, Inc., as Trustee of the J.F. Special Needs Trust.
The defendants were identical to those set forth in the first amended complaint. The claim for damages was set forth into two paragraphs as follows:
27. As a direct and proximate result of the negligence of the Defendants, described more fully herein, the child, J.F., was born prematurely and has suffered catastrophic and permanent bodily injuries, impairment, disability, disfigurement.
28. As a further direct and proximate result of the negligence of the Defendants, described more fully herein, Plaintiff C.H. has incurred in the past, and will incur in the future, extraordinary expenditures for hospitalization and medical, rehabilitative and nursing care and treatment of her catastrophically disabled child.
Whitney filed a motion to dismiss C.H.'s second amended complaint claiming that the complaint was time barred by the statute of limitation. Specifically, Whitney argued that C.H.'s second amended complaint did not relate back to the date of the filing of her original complaint because the pleading stated a new and distinct cause of action for "wrongful birth" and brought in new party plaintiffs.
Upon review, the trial court ruled that Whitney was entitled to dismissal of the second amended complaint because the second amended complaint did not relate back to the prior complaints, and, accordingly, the statute of limitations had run on C.H.'s cause of action. C.H. appeals this ruling.
Whitney concedes that the second amended complaint sets forth a valid cause of action for medical malpractice and, but for the statute of limitations issue, the case could properly proceed. Accordingly, the *99 controlling issue in this appeal is whether the claims set forth in C.H.'s second amended complaint relate back to the time of the filing of C.H.'s earlier complaints.
Florida Rule of Civil Procedure 1.190(c) provides as follows:
Rule 1.190. Amended and Supplemental Pleadings
* * *
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
Fla. R. Civ. P. 1.190(c). The relation back doctrine is to be applied liberally. Ron's Quality Towing, Inc. v. Southeastern Bank of Florida, 765 So.2d 134 (Fla. 1st DCA 2000).
Here, the trial court granted Whitney's motion to dismiss based on the conclusion that wrongful birth and wrongful life were separate and distinct causes of action and, therefore, C.H.'s second amended complaint did not relate back to the original complaint because the complaint was alleging a different cause of action. We disagree.
Each of C.H.'s complaints arose out of the same "conduct, transaction, or occurrence," and included requests for damages for hospitalization and medical expenses. None of the complaints referred to a cause of action for either "wrongful life" or "wrongful birth" or even mentioned those words. Instead, C.H.'s complaints indicated that the cause of action was for medical malpractice. As such, once C.H. amended her complaint to eliminate the damages disallowed under the legal theory of wrongful life, the trial court should have allowed her cause of action for medical malpractice under the legal theory of wrongful birth to proceed.
In dismissing C.H.'s complaint, the trial court also ruled that C.H.'s second amended complaint did not relate back to the date of the filing of her original complaint because the second amended complaint brought in a separate and distinct party plaintiffs. We again disagree.
In Darden v. Beverly Health & Rehabilitation, 763 So.2d 542 (Fla. 5th DCA 2000), our court held that the relation back doctrine applies to an amended complaint which adds a new party to the lawsuit if the new party is sufficiently related to an original party such that the addition would not prejudice the opponent. Here, at all times C.H.'s complaints alleged an action for medical malpractice claiming damages for, among other things, medical expenses for the care of J.F. Both C.H. and J.F. have an identity of interest in seeking damages for J.F.'s medical care and Whitney failed to demonstrate that he would be prejudiced by the change of parties. See Griffin v. Workman, 73 So.2d 844 (Fla.1954)(holding the mere substitution of parties plaintiff without substantial or material changes from claims of original petition does not of itself constitute setting forth a new cause of action, and amended petition will relate back to the date of the filing of the original petition in determining whether limitations have run); Ron's Quality Towing, Inc. v. Southeastern Bank of Florida, 765 So.2d 134 (Fla. 1st DCA 2000)(holding addition of a new party plaintiff should be permitted if the new and former parties have an identity of interest so as not to prejudice the adverse party by the addition); Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1997)(holding addition of party in amended complaint will relate back to date of filing of initial complaint, for limitations purposes, where new and former parties have identity of *100 interest which does not prejudice opponent); City of Miami v. Cisneros, 662 So.2d 1272 (Fla. 3d DCA 1995)(holding under relation-back approach, trial court properly permitted amendment of complaint to add parents as plaintiffs on morning of trial in their minor son's action against city for injuries son suffered during city-sponsored football game, though statute of limitations otherwise barred parents' claim, as sole purpose of amendment was to allow parents to claim medical expenses they had incurred as result of son's injuries and city had been aware of such medical expenses for significant period of time); Roger Dean Chevrolet, Inc. v. Lashley, 580 So.2d 171 (Fla. 4th DCA 1991)(holding amendment adding party plaintiff in case which does not substantially change cause of action may be made even after statute of limitations has run).
REVERSED and REMANDED.
SAWAYA and COHEN, JJ., concur.
NOTES
[1] Since this case was concluded below at the motion to dismiss stage, all allegations set forth in C.H.'s complaint are taken as true for the purposes of our review. See KC Leisure, Inc. v. Haber, 972 So.2d 1069 (Fla. 5th DCA 2008).