MAY, J.
 

 The former wife appeals a post-dissolution modification order reducing her permanent periodic alimony. The former husband cross-appeals and argues error in the trial court’s calculation of the retroactive portion of the modified alimony and in its award of attorney’s fees. We agree with the former husband that the trial court made a mathematical error in applying the reduced alimony retroactively and reverse on this issue alone. We affirm in all other respects.
 

 When the parties divorced in 2004, the court ordered the former husband to pay $8,100 per month in permanent periodic alimony to the former wife. In December 2004, the former husband filed his first
 
 *889
 
 petition for modification. The court
 
 [1]
 
 found the former husband failed to establish a permanent, involuntary decrease in his income. The court also found that the adjustable rate in the former wife’s mortgage did not provide a permanent decrease in her need. The court denied the petition for modification.
 

 On January 19, 2006 the former husband filed a second supplemental pro se petition for modification of child support, and on June 1, 2006, filed an amended petition for modification of alimony. For the three preceding years, the former husband’s income was in the $125,000 range. But because the trial court could not accurately determine the former husband’s income “with sufficient precision,” the court concluded that it was less than $250,000 but more than $125,000. The court further found that the former wife was voluntarily unemployed and imputed income of $40,000 per year. The court also found that the former wife’s need had decreased due to the refinancing of her home and a reduction in expenses attributable to her adult children and parents. Based on the imputed income and reduction in need, the court reduced the former husband’s alimony obligation from $8,100 per month to $3,300 per month.
 

 The court subsequently held a hearing on the retroactive application of the reduced alimony and attorney’s fees issues. The court decreased the alimony effective June 1, 2006, the date the amended petition for modification of alimony was filed. The court then calculated the amount of alimony to be paid set off by the newly found reduction. The court did not apply the reduced alimony for six months, the period of time calculated by the court between the filing of the pro se motion on January 19th and the filing of the amended petition for modification of alimony on June 1st.
 

 The parties filed motions for rehearing. The former husband also filed a motion to amend the calculation in the final judgment concerning the retroactive alimony reduction. In it, the former husband argued that the trial court had made a mathematical error because there were four months between February 1, 2007 and May 31, 2007 (February, March, April and May), not six as used in the final judgment. The court denied the motions.
 

 We review orders on the modification of alimony awards for an abuse of discretion.
 
 Cleary v. Cleary,
 
 872 So.2d 299, 303-04 (Fla. 2d DCA 2004).
 

 On appeal, the former husband first argues that the reduced monthly alimony should relate back to the date of his pro se request filed in January, 2006. We disagree. As the trial court found, that petition related solely to child support. The request to modify alimony was filed on June 1, 2006 when the petition was amended.
 

 The former husband next argues that the court erred in its decision that the reduced alimony not be applied to the “six months” between January 19 and May 31, 2006. He argues that the court mathematically erred when it required him to pay six months instead of four months of full alimony. He claims the January alimony obligation should not have been included because the original dissolution order required bimonthly payments, which had been paid prior to filing the pro se modification petition on January 19th. Thus, the court should have calculated the time period from February 1 to May 31, 2006.
 

 With this argument, we agree in part. Because the amended petition was
 
 *890
 
 filed on June 1st, the court should not have excluded June from the retroactive reduction in alimony. We disagree with the husband with regard to the court’s inclusion of January, however. His claim that the January alimony became due and was paid before the filing of his January petition is belied by his status of being in contempt for nonpayment of alimony at that point in time.
 

 For this reason, we reverse and remand with directions to the trial court to correct this mathematical error. In all other respects, we affirm.
 

 Reversed in part and Remanded.
 

 DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . Judge Phillips ruled on the original petition. Judge Rapp entered the order now on appeal.