RAMIREZ, C.J.
 

 General Asphalt Company, Inc. and Liberty Mutual Insurance Company appeal the trial court’s entry of final summary judgment in favor of Bob’s Barricades. We affirm the trial court’s order because Bob’s Barricades, General Asphalt’s subcontractor, owed no duty to indemnify General Asphalt.
 

 This case involves a dispute over insurance coverage arising from a tort liability suit in which an injured motorist sued General Asphalt and Bob’s Barricades. The injured motorist sued to recover for injuries she received when she lost control of her car along the road General Asphalt and Bob’s Barricades worked on.
 

 In accordance with the contract between General Asphalt and Bob’s Barricades, Bob’s Barricades was to add General Asphalt as an additional insured to its insurance coverage for any suits arising out of Bob’s Barricades duties under the contract. In her complaint, the injured motorist listed causes of action against both General Asphalt and Bob’s Barricades.
 

 Bob’s Barricades and its primary insurance carrier, Lexington Insurance Company, reached a settlement agreement with the injured motorist for $1 million. In turn, the injured motorist released Bob’s Barricades not only from the direct negligence claims against it, but also for any vicarious liability anyone else might have that resulted from Bob’s Barricades actions. The injured motorist still preserved her claims against General Asphalt for any direct negligence claims she had against it.
 

 General Asphalt eventually settled with the injured motorist for $7.25 million, a sum that included Liberty Mutual’s $1 million primary contribution limit plus contributions from both General Asphalt and Bob’s Barricades excess insurance carriers. After this, General Asphalt’s excess insurer, Great American Insurance Company, brought an action in federal court against Bob’s Barricades primary and excess insurer, National Union Fire Insurance, seeking to recover Great American’s contributions to the settlement.
 
 See Great American Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,
 
 574 F.Supp.2d 1294 (S.D.Fla.2008), 339 Fed.Appx. 896 (11th Cir.2009). The Southern District of Florida concluded that Great American could not recover against Lexington or National because Lexington did not owe General Asphalt a duty to defend or indemnify.
 

 General Asphalt and Liberty filed claims against Bob’s Barricades for alleged breach of contract for failure to defend and indemnify General Asphalt in the liability claim by the injured motorist. Following the results in the federal court proceedings, Bob’s Barricades moved for summary judgment. The trial court found that Bob’s Barricades satisfied its contractual duties to General Asphalt and granted summary judgment in favor of Bob’s Barricades.
 

 Our standard of review for the trial court’s summary judgment order is de novo.
 
 Florida Dep’t of Rev. v. New Sea Escape Cruises, Ltd.,
 
 894 So.2d 954 (Fla.2005) (“A legal matter [is] subject to a de novo standard of review.”).
 

 We find persuasive, but not controlling, the Southern District’s determinations as to what duties, if any, were owed in this case. After looking at the facts of the case, we agree with the trial court that Bob’s Barricades did not owe General Asphalt a duty to indemnify.
 

 Looking at the complaint filed by the injured motorist in the underlying case, we conclude that Bob’s Barricades and Lexington had no duty to indemnify
 
 *699
 
 General Asphalt. The injured motorist alleged in her complaint separate counts for each defendant and did not include a claim for vicarious liability against General Asphalt for the actions of Bob’s Barricades. Florida law is clear that in order to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action.
 
 See Goldschmidt v. Holman,
 
 571 So.2d 422 (Fla.1990). Under the terms of Bob’s Barricades contract with General Asphalt, Bob’s Barricades had a duty to indemnify General Asphalt for any claims General Asphalt might face arising from Bob’s actions. In other words, Bob’s Barricades’ had a duty to indemnify General Asphalt for any vicarious liability claims. However, the injured motorist failed to allege any vicarious liability claims in her complaint.
 

 Further, we find that even if the injured motorist did allege vicarious liability in her complaint, Bob’s Barricades met its obligations to General Asphalt when it reached the $1 million settlement with the injured motorist. As part of the settlement, the injured motorist also agreed to waive not only any direct negligence claims against Bob’s Barricades, but also any vicarious liability claims she could bring resulting from the incident. Bob’s Barricades thus insured that General Asphalt would not face any claims resulting from Bob’s Barricades actions. As a result, the only issues that remained unresolved when General Asphalt, Liberty, and Great American settled were the injured motorist’s claims against General Asphalt for its own negligence.
 

 For the reasons stated above, we affirm the lower court’s entry of summary judgment in Bob’s Barricades favor.
 

 Affirmed.