WALLACE, Judge.
 

 Robert L. Armiger appeals from a final summary judgment entered in favor of Associated Outdoor Clubs, Inc., after the circuit court denied his motion to file a second amended complaint. Mr. Armiger sued Associated and Clean Sweep Supply Company after he slipped and fell in the grandstand of a greyhound track operated by Associated. Clean Sweep had contracted with Associated to clean and maintain the areas of the facility — including the grandstand — that were open to the public during racing performances.
 

 The circuit court concluded that Mr. Ar-miger’s first amended complaint failed to state a cause of action against Associated for a breach of its nondelegable duty to maintain its premises in a reasonably safe condition because Mr. Armiger had not specifically alleged either the breach of a nondelegable duty by Associated or a basis to impose vicarious liability on Associated for the actions of Clean Sweep. Finding no basis for a claim against Associated for “active negligence,” the circuit court ruled that Associated was entitled to a final summary judgment on Mr. Armiger’s claims against it. In a related ruling, the circuit court denied Mr. Armiger’s motion to amend his complaint to specifically allege the breach of a nondelegable duty by Associated. The circuit court reasoned that the proposed amendment would be futile because the statute of limitations on Mr. Armiger’s claims had run and the proposed amendment would not relate back to the original pleading.
 

 We disagree with the circuit court’s legal conclusions and find error in both of its rulings. Accordingly, we reverse the final summary judgment in favor of Associated
 
 *867
 
 and the order denying Mr. Armiger’s motion for leave to amend his complaint.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 In July 2004, Mr. Armiger filed an action against Associated. In his initial complaint, Mr. Armiger alleged that on November 5, 2008, he was injured after he slipped and fell in a puddle of liquid in the grandstand of the Tampa Greyhound Track. Mr. Armiger alleged that Associated owned and operated the track. The initial complaint asserted the following three counts against Associated: Count I, negligent maintenance; Count II, negligent failure to warn; and Count III, negligent mode of operation.
 

 Count I of the initial complaint included the following allegations: (1) Associated was negligent and had breached its duty to maintain the premises in a reasonably safe condition, (2) the puddle of liquid was a dangerous condition and had been present for a sufficient amount of time for Associated to have learned of it, (3) Associated had failed to ensure that the grandstand area was free of standing water, (4) Associated had permitted a slippery surface to remain in the grandstand area, and (5) Associated had failed to timely inspect and clean the grandstand area.
 

 In its answer to the complaint, Associated admitted that it operated the track and had a duty to maintain its business premises in a reasonably safe condition in accordance with the applicable statute.
 
 [1]
 
 Associated generally denied the remaining allegations of the complaint and raised various affirmative defenses.
 

 In March 2005, Mr. Armiger filed his first amended complaint, adding Clean Sweep — the cleaning contractor — as a party defendant. In the first amended complaint, Mr. Armiger alleged that Associated had “employed” Clean Sweep “for the purpose of cleaning and maintaining the premises” at the track. Otherwise, the allegations against Associated remained essentially the same as the allegations in the initial complaint. But in the first amended complaint, Mr. Armiger added three counts against Clean Sweep that contained allegations of negligence similar to the allegations of the first three counts against Associated.
 

 In September 2006, more than two years after Mr. Armiger brought the action, Associated filed a motion for final summary judgment. In its motion, Associated claimed that there was no dispute as to any issue of material fact and that it had fully satisfied its duty of reasonable care to Mr. Armiger. Associated argued that its delegation to Clean Sweep of the duty to maintain the track constituted “reasonable efforts on the part of Associated to maintain its premises in a reasonably safe condition.” Associated contended further that by delegating the maintenance responsibilities at the track to Clean Sweep, it had fully satisfied its duties to business invitees such as Mr. Armiger.
 

 In a fallback position, Associated argued that if it had any liability to Mr. Armiger at all, that liability could only be based on vicarious liability “for Clean Sweep’s negligence due to the non-delegable duty doctrine.” Associated concluded by requesting that if the circuit court ruled that Associated had a nondelegable duty, it should “enter a partial summary judgment finding that Associated is solely vicariously liable, if liable at all, to [Mr. Armiger] for the negligence of Clean Sweep.”
 

 
 *868
 
 In December 2007, the circuit court held a hearing on Associated’s motion for summary judgment. During the hearing on the motion, Mr. Armiger made an oral motion to amend the complaint to specifically allege that Associated had a nondele-gable duty to maintain its premises in a reasonably safe condition. In a ruling that was not reduced to a written order, the circuit court denied Mr. Armiger’s request to amend.
 

 After the hearing, the circuit court entered an order granting a partial summary judgment
 
 [2]
 
 “as to any active negligence claims” against Associated but denying Associated’s motion for summary judgment without prejudice “as to all vicarious and derivative claims of liability.” On the latter issue, the circuit court “reserve[d] ruling pending further argument of the parties as to whether Associated Outdoor Clubs, Inc., can be held vicariously or derivatively liable for the alleged actions and/or omissions of Clean Sweep.” In its order, the circuit court also ruled that “[t]he only potential claims which remain against ... Associated Outdoor Clubs, Inc., are claims based on derivative or vicarious liability.”
 

 In April 2008, after the statute of limitations on his claims had expired, Mr. Armi-ger filed a motion for leave to file a second amended complaint. Mr. Armiger’s proposed second amended complaint alleged a single count against Associated for “breach of nondelegable duties.” In the proposed second amended complaint, Mr. Armiger alleged (1) that Associated had a nondele-gable duty to maintain the premises in a reasonably safe condition; (2) that the alleged dangerous condition had been in existence for enough time such that Associated, through its agents and/or contractors, knew or should have known of it; (3) and that Associated had breached its nondele-gable duty by failing to ensure the area was dry and free of standing water, by allowing the area to exist with a slippery surface, by failing to timely inspect and clean the area, and by failing to warn of the liquid on the ground. The second count of the complaint asserted negligence against Clean Sweep for the same alleged breaches of duty.
 

 After a hearing, the circuit court denied Mr. Armiger’s motion for leave to file a second amended complaint. Associated then renewed its motion for summary judgment, and the circuit court granted final summary judgment in Associated’s favor on all of Mr. Armiger’s claims against it. This appeal followed.
 

 II. STANDARD OF REVIEW
 

 A. Motion to Amend a Complaint
 

 This court’s review of a trial court’s ruling granting or refusing a motion to amend a complaint is for abuse of discretion.
 
 See Mathis v. Coats,
 
 24 So.3d 1284, 1289 (Fla. 2d DCA 2010). “It is an abuse of discretion to disallow amendment of a pleading unless it clearly appears the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.”
 
 Colandrea v. King,
 
 661 So.2d 1250, 1251 (Fla. 2d DCA 1995). But we review de novo the question of whether a proposed amended complaint is sufficient to state a cause of action.
 
 See Vaughn v. Boerckel,
 
 20 So.3d 443, 445 (Fla. 4th DCA 2009).
 

 
 *869
 
 B. Summary Judgment
 

 The standard of review for an order granting a motion for summary judgment is de novo and requires a two-pronged analysis.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered,
 
 Huntington Nat’l Bank v. Merrill Lynch Credit Corp.,
 
 779 So.2d 396, 398 (Fla. 2d DCA 2000), and (2) the moving party is entitled to a judgment as a matter of law,
 
 Aberdeen at Ormond Beach,
 
 760 So.2d at 130. “If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.”
 
 Holland v. Verheul,
 
 583 So.2d 788, 789 (Fla. 2d DCA 1991).
 

 III. DISCUSSION
 

 A. Introduction
 

 The circuit court’s rulings denying Mr. Armiger’s motion to amend his complaint and granting a final summary judgment in favor of Associated are closely related. Indeed, the final summary judgment — like the denial of the motion to amend — is essentially a decision on the sufficiency of Mr. Armiger’s pleadings. Both rulings resulted from a particular argument made by Associated that led the circuit court into error.
 

 Associated argued — incorrectly but persuasively — that a claim based on the breach of a nondelegable duty is a separate and distinct cause of action from a cause of action based on what it termed “active” or “direct” negligence. Based on Associated’s argument, the circuit court denied Mr. Armiger’s motion to amend on the theory that the proposed amendment alleging the breach of a nondelegable duty would add a new cause of action that would not relate back to the commencement of the action. The amendment would be “futile” because the statute of limitations on the claim had already run.
 
 [3]
 
 The circuit court’s second ruling — the entry of a final summary judgment in favor of Associated — was based on the same argument. The first amended complaint pleaded a claim for “active” negligence only, and it was too late to amend to plead a “new” cause of action based on the “separate” theory of breach of a non-delegable duty. In short, Mr. Armiger’s routine slip and fall claim became entangled in the lawyers’ arguments about the pleadings.
 

 In the discussion that follows, we will attempt to unravel these arguments. To do so, we first consider the circuit court’s ruling denying Mr. Armiger’s motion to amend. Then we examine the partial and final summary judgments entered in favor of Associated.
 

 B. The Proposed Amendment and the Relation Back Doctrine
 

 Florida Rule of Civil Procedure 1.190(a) provides, in pertinent part, that “[l]eave of court [to amend pleadings] shall be given freely when justice so requires.” In accordance with the rule, the Florida courts follow a liberal policy with regard to the amendment of pleadings so that claims may be determined on their merits.
 
 See Burr v. Norris,
 
 667 So.2d 424, 426 (Fla. 2d DCA 1996) (finding that the trial court’s denial of the plaintiffs motion to amend
 
 *870
 
 “was an abuse of discretion in light of Florida’s liberal policy of allowing amendments to pleadings”);
 
 see also Dausman v. Hillsborough Area Reg’l Transit,
 
 898 So.2d 213, 215 (Fla. 2d DCA 2005) (“Leave to amend should be freely given, the more so ... when the amendment is based on the same conduct, transaction[,] and occurrence upon which the original claim was brought.” (first alteration in original) (quoting
 
 Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.,
 
 687 So.2d 968, 970 (Fla. 5th DCA 1994))). “A party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment.”
 
 Dausman,
 
 898 So.2d at 215 (quoting
 
 Yun Enters., Ltd. v. Graziani,
 
 840 So.2d 420, 422 (Fla. 5th DCA 2003)).
 

 Rule 1.190(c) addresses when an amended pleading will relate back to an earlier pleading as follows: “When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” Under this rule, as long as the claims alleged in an amended pleading arise from the “conduct, transaction, or occurrence” alleged in an earlier pleading that was timely filed, the expiration of the statute of limitations in the interim will not bar the claims asserted in the amended pleading.
 
 See Flores v. Riscomp Indus., Inc.,
 
 35 So.3d 146, 147 (Fla. 3d DCA 2010) (“To survive a motion to dismiss after the statute of limitations has passed, an amended complaint must relate back to the original pleading made before the expiration of the statute of limitations.”).
 

 This court has stated the test of whether an amended pleading relates back to an earlier pleading as follows:
 

 [T]he proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back — even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.
 

 Keel v. Brown,
 
 162 So.2d 321, 323 (Fla. 2d DCA 1964),
 
 overruled on other grounds by Broward Builders Exch., Inc. v. Goehring,
 
 231 So.2d 513 (Fla.1970);
 
 see also Scarfone v. Marin,
 
 442 So.2d 282, 283 (Fla. 2d DCA 1983) (citing Keel);
 
 Flores,
 
 35 So.3d at 148 (“We have articulated the test to be whether ‘the original pleading gives fair notice of the general fact situation out of which the claim or defense arises.’ ” (quoting
 
 Kiehl v. Brown,
 
 546 So.2d 18, 19 (Fla. 3d DCA 1989))). Also, “[t]he [relation back] doctrine is to be applied liberally to achieve its salutary ends.”
 
 Flores,
 
 35 So.3d at 148 (citing
 
 C.H. v. Whitney,
 
 987 So.2d 96, 99 (Fla. 5th DCA 2008)).
 

 In this case, the circuit court did not explain in its written order the basis for its ruling denying Mr. Armiger’s motion for leave to file a second amended complaint. However, when the circuit judge announced her ruling at the conclusion of the hearing on the motion, she agreed with Associated’s argument that a claim based on an owner’s breach of a nondelegable duty was a separate cause of action that would not relate back to the filing of the first amended complaint:
 

 
 *871
 
 I’ve had a chance to review the [first] amended complaint that was previously-filed in this case, and the [first] amended complaint
 
 does not state a cause of action for non-delegable duty or for vicarious liability
 
 as to Associated Out-Door Clubs.
 

 There is a claim for negligent maintenance against ... Associated Out-Door, that’s a direct claim for negligence. There’s a count for negligent failure to warn against ... Associated Out-Door Clubs. Again it’s pled as a claim of active negligence against Associated Out-Door Clubs.
 

 Then there’s count three, a claim for negligent mode of operation, against ... Associated Out-Door Clubs, which is also a claim of active negligence....
 

 The remaining counts all relate to Clean Sweep Supply. It appears that no vicarious liability claim was pled in the prior complaint against Associated Ouh-Door Clubs, but only claims of direct negligence ... which I’ve already granted summary judgment on.
 

 Because of that I do think to allow you to now come back and plead a claim for non-delegable duty, asserting [a] cause of action for vicarious liability ... when the statute of limitations has expired
 
 would be a futile act because it doesn’t relate back to the prior complaints because you have, in fact, alleged a separate cause of action
 
 ....
 

 (Emphasis added.)
 

 In our review of the circuit court’s ruling, we may eliminate prejudice to Associated and abuse of the privilege to amend by Mr. Armiger as grounds for the denial of the motion to amend. The circuit court did not base its ruling on either of these grounds, and there is no support for them in the record.
 
 [4]
 
 Instead, the circuit court denied the motion based on its conclusion that the proposed amendment “would be a futile act because it doesn’t relate back.”
 

 Initially, we note that whether a proposed amendment is futile presents a different question from whether the proposed amendment would relate back to an earlier pleading. “A proposed amendment is futile if it is insufficiently pled,
 
 [Thompson v. Bank of N.Y.,
 
 862 So.2d 768, 770 (Fla. 4th DCA 2008) ], or is ‘insufficient as a matter of law.’ ”
 
 Quality Roof Servs., Inc. v. Intervest Nat’l Bank,
 
 21 So.3d 888, 885 (Fla. 4th DCA 2009) (quoting
 
 Burger King Corp. v. Weaver, 169 F.3d
 
 1310, 1320 (11th Cir.1999)). Here, the legal sufficiency of Mr. Armiger’s proposed second amended complaint as a pleading matter was not in question. Instead, the circuit court based its determination that the proposed amendment would be “futile” on Associated’s argument that a claim for the breach of a nondelegable duty is a separate and distinct claim that must be pleaded as a separate cause of action from a claim based on “active” or “direct” negligence. In Associated’s view, Mr. Armiger could not be permitted to amend his complaint after the applicable statute of limitations had run because a claim based on the
 
 *872
 
 breach of a nondelegable duty would be a new claim that would not relate back to either of the earlier, timely filed complaints. In effect, Associated maintained that the proposed second amended complaint was insufficient as a matter of law because the “new” claim asserted against Associated in the proposed pleading was barred by the statute of limitations.
 

 Applying the test articulated in our earlier
 
 Keel
 
 decision to the proposed second amended complaint, we note that the proposed complaint did not introduce any new parties into the litigation. Both the first amended complaint and the proposed complaint alleged that Associated had a duty to keep its business premises in a reasonably safe condition, that it had breached that duty, and that Mr. Armiger had been injured as a result. Also, both complaints alleged that the slip and fall was caused by a puddle of liquid on the grandstand floor, that there were no warning signs near the spill, and that Associated had failed to timely inspect and clean the affected area. Unquestionably, the claims alleged in the proposed second amended complaint are based upon the same specific conduct, transaction, or occurrence between the parties as the claims alleged in the first amended complaint. Thus the proposed second amended complaint satisfied the test for relation back to the earlier pleading, and the circuit court erred in ruling to the contrary.
 

 We discern only two significant differences between the first amended complaint and the proposed second amended complaint. First, the second amended complaint consolidates the claims pleaded against Associated into one count instead of the three counts pleaded in the first amended complaint. Second, the second amended complaint explicitly alleges a breach by Associated of a nondelegable duty to keep its business premises in a reasonably safe condition. Although the first amended complaint does not plainly state the breach of such a duty, the applicability of the doctrine of nondelegable duty under the facts alleged is apparent.
 
 [5]
 
 Moreover, even if one assumes that the addition of language explicitly alleging a breach of a nondelegable duty amounted to a new cause of action, the proposed second amended complaint would still have related back to the earlier pleading.
 
 See C.H. v. Whitney,
 
 987 So.2d 96, 99 (Fla. 5th DCA 2008) (holding that a change of the basis of a cause of action from wrongful life to wrongful death did not alter the essential basis of a claim that was grounded ’ on allegations of medical malpractice);
 
 Turner v. Trade-Mor, Inc.,
 
 252 So.2d 383, 384 (Fla. 4th DCA 1971) (“The test of whether an amendment ... sets forth a ‘new cause of action’ is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction^] or occurrence between the parties upon which the plaintiff tried to enforce his original claim.”).
 

 In support of its argument against the applicability of the relation back doctrine to the proposed second amended complaint, Associated relies primarily on the following three cases:
 
 Goldschmidt v. Holman,
 
 571 So.2d 422 (Fla.1990);
 
 Tamiami Trail Tours, Inc. v. Cotton,
 
 463 So.2d 1126 (Fla.1985); and
 
 General Asphalt Co. v. Bob’s Barricades, Inc.,
 
 22 So.3d 697 (Fla. 3d DCA 2009). We find these cases to be inapposite.
 

 
 *873
 
 In the
 
 Goldschmidt
 
 and
 
 General Asphalt
 
 cases, the proposed amendments were not permitted because the proceedings in those cases had progressed to a point at which the proposed amendments were inappropriate for reasons unrelated to the relation back doctrine.
 
 Goldschmidt
 
 571 So.2d at 424;
 
 General Asphalt,
 
 22 So.3d at 699. And in
 
 Tamiami Trail Tours,
 
 our supreme court held that the defense had been sandbagged by the plaintiffs’ attempt to have the jury instructed on vicarious liability “at the charge conference after all the evidence had been entered.” 463 So.2d at 1128. But the court added that “[n]o motion was ever made to conform the pleadings to the evidence, nor were the pleadings ever amended to include this theory.”
 
 Id.
 
 Thus the court strongly implied that if the plaintiffs had timely moved to amend their complaint to allege- this cause of action, the jury would have been allowed to consider whether the defendant was liable for its employee’s tortious acts. It follows that the cases cited by Associated do not support affirmance of the circuit court’s ruling denying Mr. Armiger’s motion for leave to file the proposed second amended complaint.
 

 For these reasons, the proposed second amended complaint would have related back to the “conduct, transaction, or occurrence” described in the timely filed first amended complaint. Mr. Armiger had not abused the privilege to amend, and the proposed amendment would not have prejudiced Associated. It follows that the proposed amendment was neither “futile” nor otherwise inappropriate. Accordingly, the circuit court abused its discretion in denying Mr. Armiger’s motion for leave to file his second amended complaint. Having reached this conclusion, we question whether a further amendment to the first amended complaint was even necessary, an issue that we address in our discussion of the entry of the final summary judgment in favor of Associated.
 

 C. The Entry of the Final Summary Judgment
 

 Mr. Armiger’s motion for leave to file a second amended complaint was precipitated by the circuit court’s entry of the partial summary judgment. In the order granting the partial summary judgment, the circuit court did not make any findings or review the applicable law. Instead, the circuit court simply granted Associated’s motion for summary judgment “as to any and all claims of active negligence on the part of Associated.” The circuit court also denied the motion without prejudice “as to all vicarious and derivative claims of liability.” Finally, the circuit court reserved ruling on the issue of whether Associated could “be held vicariously or derivatively liable for the alleged actions and/or omissions of Clean Sweep.”
 

 Because the circuit court did not explain in its order the basis for the entry of the partial summary judgment, we look to Associated’s motion to understand the rationale underlying the circuit court’s ruling.
 
 [6]
 
 In its motion, Associated summarized the allegations of Mr. Armiger’s second amended complaint. Associated then noted — correctly—that the law imposes a nondelegable duty upon the owners of business premises to maintain their premises in a reasonably safe condition and that a business owner may not escape that duty by hiring an employee or an independent contractor to perform the nondelegable duty. Then, inexplicably, Associated asserted that “[t]he agreement with Clean Sweep constitutes a delegation of maintenance duties by Associated to Clean Sweep
 
 *874
 
 and, as such, constitutes reasonable efforts on the part of Associated to maintain its premises in a reasonably safe condition.” In other words, Associated claimed that it had satisfied its nondelegable duty by delegating it to Clean Sweep. Associated concluded by arguing that it was not guilty of “active” negligence and therefore could only be held vicariously liable, if at all, for the negligence of Clean Sweep.
 

 Associated’s arguments in its motion led not only to the entry of the partial summary judgment but also to the question of whether the first amended complaint properly alleged a claim based on the breach of a nondelegable duty or for the breach of vicarious liability. As we have seen, Associated persuaded the circuit court that the first amended complaint did not plead such claims and that further amendment would be “futile” because the proposed amendment would not relate back. The denial of Mr. Armiger’s motion for leave to file the proposed second amended complaint — together with the partial summary judgment — apparently left Mr. Armiger with no viable claims against anyone other than Clean Sweep. At that point, the entry of the final summary judgment in favor of Associated became inevitable.
 

 Once again, Associated’s oft-repeated notion that a cause of action for the breach of a nondelegable duty is a separate and distinct cause of action from an action based on “active” or “direct” negligence led the circuit court into error. Thus we begin our discussion of why the circuit court erred in entering the final summary judgment in favor of Associated by discussing the basis for a cause of action for the breach of a nondelegable duty.
 

 The concepts of nondelegable duty and vicarious liability are frequently confused and conflated. Although the two concepts are related, a cause of action for the breach of a nondelegable duty and a cause of action for vicarious liability have different legal rationales. Unlike liability based on the breach of a nondelegable duty, vicarious liability is an indirect liability. For example, an employer is burdened with the liability resulting from the negligence of its employees; i.e., the employee’s liability is imputed to the employer.
 
 [7]
 

 See Am. Home Assurance Co. v. Nat’l R.R. Passenger Corp.,
 
 908 So.2d 459, 467 (Fla.2005) (citing Restatement (Third) of Torts: Apportionment of Liability § 13 (2000)). “The vicariously liable party has not breached any duty to the plaintiff; its liability is based solely on the legal imputation of responsibility for another party’s tortious acts.”
 
 Id.
 
 at 468. But liability for the breach of a nondelegable duty arises from
 
 direct
 
 — instead of imputed — liability.
 
 See Goldin v. Lipkind,
 
 49 So.2d 539, 541 (Fla.1950) (“The duty of maintaining safe premises ... cannot be delegated to another.”);
 
 U.S. Sec. Servs. Corp. v. Ramada Inn, Inc.,
 
 665 So.2d 268, 270 (Fla. 3d DCA 1995) (holding that a business owner’s duty to provide its business invitees with reasonably safe premises “is a
 
 non-delegable
 
 duty which it cannot contract out of by hiring an independent contractor”).
 

 The idea of liability for the breach of a nondelegable duty as a direct liability — as distinct from indirect, vicarious liability— has been explained as follows:
 

 [T]he establishment of liability under a nondelegable duty does not give rise to vicarious liability. Under vicarious liability, one person, although entirely in
 
 *875
 
 nocent of any wrongdoing and
 
 without regard to duty,
 
 is nonetheless held responsible for harm caused by the wrongful act of another.... We reject any coupling of the concept of vicarious liability and nondelegable duty.
 

 [[Image here]]
 

 The liability for a nondelegable duty that we impose directly upon the employer of an independent contractor is grounded in a special public policy to protect third persons in an area of inherent danger and to encourage conscientious adherence to standards of safety where injury likely will result in the absence of precautions. The test of liability is the presence or absence of reasonable precautions; and direct liability is not dependent upon any apportionment to an employer of his or her concurrent negligence in failure to ensure that an independent contractor takes necessary precautions.
 

 Saiz v. Belen Sch. Dist.,
 
 113 N.M. 387, 827 P.2d 102, 114-15 (1992);
 
 see also Kirkland v. City of Gainesville,
 
 122 Fla. 765, 166 So. 460, 464 (1936) (stating that under the applicable statute, “[t]he legal duty of the city was to exercise care to maintain the poles of its system in a reasonably safe condition for all who had duties to perform on the poles; and this duty could not be so delegated as to relieve the city of liability for negligence in maintaining the pole in the service for which it was used”).
 

 Therefore, when a business owner is subject to a nondelegable duty, the potential responsibility of an independent contractor is not relevant to the analysis of the business owner’s liability.
 
 [8]
 
 Of course, this is not to say that an owner of a business that invites members of the pub-lie onto its business premises may not hire an independent contractor to perform tasks that the owner has a nondelegable duty to third parties to perform. But the owner may not contract away his or her legal responsibility for the proper performance of the nondelegable duty.
 
 U.S. Sec. Servs. Corp.,
 
 665 So.2d at 270;
 
 Atl. Coast Dev. Corp. v. Napoleon Steel Contractors, Inc.,
 
 385 So.2d 676, 679 (Fla. 3d DCA 1980) (“ ‘Nondelegable’ applies to the liabilities arising from the delegated duties if breached.”). Stated differently, a system of vicarious liability assigns legal liability to a party who is blameless in fact based on the tortious acts of another. But under a system where a party is subject to a nondelegable duty, the party subject to the nondelegable duty is directly liable for the breach of that duty, and the assignment of liability based on the tortious acts of another is not a consideration.
 

 We recognize that liability for the breach of a nondelegable duty is often discussed and classified as a form of vicarious liability.
 
 See, e.g., M.S. v. Nova Se. Univ. Inc.,
 
 881 So.2d 614, 620 (Fla. 4th DCA 2004) (“Where there is a non-delega-ble duty, the employer hiring an independent contractor to perform services encompassed within that duty is vicariously liable when those services are performed negligently.”);
 
 McCall v. Ala. Bruno’s, Inc.,
 
 647 So.2d 175, 178 (Fla. 1st DCA 1994) (“The Restatement[
 
 9
 
 ] states that the rules imposing vicarious liability on employers for the acts of independent contractors arise ‘in situations where, for reasons of policy, the employer is not permitted to shift the responsibility for the proper conduct of the work to the contractor’.... ”). As noted in
 
 McCall,
 
 the Restatement itself
 
 *876
 
 treats liability for the breach of a nondele-gable duty as a subset of vicarious liability,
 
 id.,
 
 and respected treatises on tort law discuss nondelegable duties within a chapter on vicarious liability.
 
 See
 
 2 Dan B. Dobbs,
 
 The Law of Torts
 
 § 337, at 920 (2001); W. Page Keeton et al.,
 
 Prosser and Keeton on the Law of Toris
 
 § 71, at 511— 12 (5th ed. 1984). Nevertheless, the occasional imprecision in analysis and joint classification for the purpose of convenience in discussion does not alter the fundamental differences between direct liability for the breach of a nondelegable duty and vicarious liability for the tortious acts of another.
 

 With these differences in mind, we may consider the statute that imposed a nondelegable duty of care on Associated in this case. Section 768.0710, Florida Statutes (2003), prescribes Associated’s duty as the operator of the track and the burden of proof imposed on a claimant asserting a breach of that duty:
 

 (1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
 

 (2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
 

 (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
 

 (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
 

 (c)The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.
 

 The statute imposes a duty of reasonable care on persons in possession or control of business premises to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. This statutory duty of care is nondelega-ble.
 
 See Food Lion, LLC v. Monument/Julington Assoc. Ltd. P’ship,
 
 939 So.2d 1106, 1107-08 (Fla. 1st DCA 2006). It follows that Associated could not avoid liability for the breach of its statutory duty by contracting the maintenance and cleaning function at the track to others.
 

 In light of the nondelegable duty of care imposed on Associated by section 768.0710(1), Mr. Armiger’s first amended complaint pleaded a claim against Associated for direct — not vicarious — liability. Associated’s liability, if any, for the alleged breach of its nondelegable duty of care was not dependent on the acts or omissions of Clean Sweep. In fact, Mr. Armi-ger’s first amended complaint alleged all of the elements necessary to plead a cause of action for breach of Associated’s nondele-gable duty of care, and further amendment to the complaint may have been helpful but was not necessary. Thus the circuit court erred in granting the partial summary judgment in favor of Associated on Mr. Armiger’s claims for “active negligence.” The entry of the final summary judgment resulted directly from the prior errors in analysis that revolved around pleading issues. No one has suggested that the facts developed in the circuit court would preclude a finding of the breach by
 
 *877
 
 Associated of its statutory, nondelegable duty. The issues regarding Associated’s alleged negligence and the other facts pertinent to Mr. Armiger’s slip and fall claim remain for resolution by a jury.
 
 See Monument/Julington,
 
 939 So.2d at 1108;
 
 Sinfort v. Food Lion, LLC,
 
 908 So.2d 521, 528 (Fla. 5th DCA 2005);
 
 Gerard v. Eckerd Corp.,
 
 895 So.2d 436, 437-38 (Fla. 4th DCA 2005).
 

 IV. CONCLUSION
 

 For the foregoing reasons, the circuit court erred in denying Mr. Armiger’s motion to amend his complaint and in entering the partial summary judgment and the final summary judgment in favor of Associated. We reverse the order denying Mr. Armiger’s motion to file his proposed second amended complaint and both summary judgments. On remand, the circuit court shall enter an order granting Mr. Armiger leave to file his proposed second amended complaint. We remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 SILBERMAN and CRENSHAW, JJ., Concur.
 

 [1]
 

 . The applicable statute, which is set forth and discussed later in this opinion, is section 768.0710, Florida Statutes (2003).
 

 [2]
 

 . The circuit court incorrectly titled its order as a "final summary judgment.” We refer to the order as a "partial summary judgment” because it determined that Mr. Armiger was not entitled to recover under a particular legal theory, i.e., that Associated had committed "active negligence.”
 
 See
 
 Fla. R. Civ. P. 1.510(d).
 

 [3]
 

 . The statute of limitations applicable to Mr. Armiger’s action for negligence is four years.
 
 See
 
 § 95.1 l(3)(a), Fla. Stat. (2003).
 

 [4]
 

 . The proposed amendment would not have prejudiced Associated. The initial complaint put Associated on notice that it was being sued for alleged injuries to Mr. Armiger occurring as a result of a slip and fall accident that occurred on its business premises. Associated itself had raised the likely application of the nondelegable duty doctrine to its potential liability to Mr. Armiger in its motion for summary judgment. Also, Mr. Armiger had not abused the privilege to amend. He had amended his complaint only once before the proposed amendment. And although the action had been pending for over three years when Mr. Armiger filed his motion to amend, the matter was still not set for trial.
 

 [5]
 

 . Undeniably, die initial complaint and the first amended complaint were inartfully drawn. We note that Mr. Armiger's current counsel did not represent him when these pleadings were prepared and filed.
 

 [6]
 

 . There is no transcript of the hearing that led to the entry of the partial summary judgment.
 

 [7]
 

 . Vicarious liability arises in contexts other than the employer-employee relationship. A discussion of the various forms of vicarious liability is beyond the scope of this opinion. For a discussion of vicarious liability, see generally 2 Dan B. Dobbs,
 
 The Law of Torts
 
 §§ 333-41 (2001).
 

 [8]
 

 . However, such considerations might be relevant in an action for indemnification by the business owner against the independent contractor.
 

 [9]
 

 . Restatement (Second) of Torts ch. 15, topic 2, intro, note (1965).