LaROSE, Judge.
This is a forfeiture case. The City of St. Petersburg argues that the trial court should not have dismissed with prejudice its forfeiture complaint against Latasha Henderson. In so ruling, the trial court felt bound by our decision in Floyd v. State (In re Forfeiture of: 1992 Pontiac Firebird No.1G2FS23T3NL212004), 47 So.3d 344 (Fla. 2d DCA 2010). We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A). The facts in Floyd differ substantially from those now before us. We conclude that Floyd is inapposite. Accordingly, we must reverse.
We recite the relevant facts briefly. The City seized Ms. Henderson’s vehicle as property subject to forfeiture. The seizure stemmed from a traffic stop where law enforcement officers discovered evidence relating to check fraud offenses committed by Ms. Henderson. Officers arrested Ms. Henderson and seized her vehicle on November 30, 2011. In its initial complaint, the City erroneously alleged that the vehicle was seized on November 21, 2011. Ms. Henderson moved to dismiss the complaint under Floyd, asserting that the City failed to file its complaint within forty-five days of the seizure. See § 932.701(2)(c), Fla. Stat. (2011). The City amended the forfeiture complaint, this time alleging that the vehicle was seized on November 30, 2011.
At the hearing on her motion, Ms. Henderson argued that the City could not amend the complaint to cure a timeliness defect and to make material changes. The City argued that the amended complaint corrected a scrivener’s error concerning the seizure date, related back to the filing of the initial complaint, and did not otherwise substantially alter earlier allegations. The trial court ruled that Floyd required dismissal.
Floyd involved the Florida Contraband Forfeiture Act. See § 932.701-.706, Fla. Stat. (2008). Haines City filed its complaint for forfeiture, identifying Mr. Floyd’s vehicle as the subject property. The complaint described a bank robbery with the date of occurrence, name and location of the bank, name of the bank teller, manner of the robbery, and the amount stolen. The fleeing vehicle was described as a Jeep Cherokee. 47 So.3d at 345. Some six months later, Haines City sought to amend its complaint. The amended complaint alleged that the subject property was a Firebird. The pleading also alleged a new robbery date, a different bank and location, a different manner of the robbery, and a different amount stolen. The trial court ruled that the amended complaint related back to the date of the original complaint. We reversed. Id. at 345, 346-47.
Section 932.701(2)(c) requires the seizing agency to promptly proceed by filing the complaint within forty-five days after seizure.
Because the statute ... provides for the deprivation of a property right, its procedural requirements cannot be regarded as immaterial or a matter of mere convenience. We hold that the requirement in section 932.704(4) to “promptly proceed” with a forfeiture action is mandatory, and that under section 932.701(2)(c), “promptly proceed” means what it says: “to file the complaint within 45 days after seizure.”
*1025 Floyd, 47 So.3d at 346 (quoting DeGregorio v. Balkwill, 853 So.2d 371, 374 (Fla.2003)).
Haines City argued that the amended complaint should relate back under Florida Rule of Civil Procedure 1.190(a) and (c). Floyd, 47 So.3d at 346. Under rule 1.190(c), as long as the claims alleged in an amended pleading arise from the same “conduct, transaction, or occurrence” alleged in an initial, timely filed pleading, the expiration of the statute of limitations in the interim will not bar the claims asserted in the amended pleading. Id. (citing Flores v. Riscomp Indus., Inc., 35 So.3d 146, 147 (Fla. 3d DCA 2010)).
Floyd observed that although the relation back doctrine generally should be liberally applied, forfeiture statutes make for harsh exactions and must be strictly construed. “ ‘Due process mandates that the provisions of the forfeiture act be strictly interpreted in favor of the person being deprived of their property.’ ” Id. (citations omitted).
By the time Haines City realized the error in its initial complaint, the forty-five-day filing deadline had passed. Instead of dismissing the complaint, Haines City sought to amend with wholly new details. Id. The allegations in the amended complaint did not arise from the same conduct, transaction, or occurrence as those in the original complaint. Id.
In this case, the City’s original forfeiture complaint alleged the wrong seizure date. A fair reading of the initial complaint leads to the conclusion that the seizure date was the same date on which law enforcement officers arrested Ms. Henderson, November 30, 2011. The amended forfeiture complaint merely corrected the seizure date. The other factual allegations remained untouched. The amended complaint did not add new occurrences, locations, identities, or crimes. Accordingly, the trial court erred in dismissing the City’s amended forfeiture complaint with prejudice.
Reversed and remanded for further proceedings.
NORTHCUTT and SILBERMAN, JJ., Concur.