405 So.2d 1369 (1981)
Mary Jo THOMAS, Appellant,
v.
Ella WYATT, Appellee.
No. 81-410.
District Court of Appeal of Florida, Fourth District.
November 18, 1981.
D. Culver Smith, III, and James A. Reynolds, Jr., of Adams, Coogler, Watson & Smith, P.A., West Palm Beach, for appellant.
F. Kendall Slinkman, West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals an adverse final judgment arising from a personal injury action. The facts viewed in a light favorable to the jury's verdict are that plaintiff was babysitting at defendant's home when defendant returned in an alleged inebriated condition. A verbal argument of disputed intensity resulted over payment for the babysitting. Defendant ordered her German Shepherd dog to attack plaintiff. Although disputed, there was evidence that the dog advanced toward the plaintiff. Plaintiff ran from the house and was injured when she fell in the driveway. Suit was brought and the case was submitted to the jury on the theories of (1) assault, (2) statutory dog owner's liability under Section 767.04, Florida Statutes (1977), and (3) negligence. The jury *1370 returned a special verdict wherein they found that defendant had committed an assault on plaintiff, that an unprovoked and aggressive act by defendant's dog had caused damage to plaintiff, and that defendant was guilty of 70% negligence and plaintiff was guilty of 30% negligence. The jury returned a verdict of $30,000 compensatory damages and $10,000 punitive damages. The three separate theories of (1) assault, (2) statutory liability, and (3) negligence were treated separately in the special verdict form and instructed upon separately. The jury found in favor of the plaintiff on each theory and at no time was plaintiff required to elect between the theories. Although the three theories of liability were treated separately, the jury was asked to assess plaintiff's total damages arising from the "incident" without separating these damages as to the theories of liability.
On appeal, defendant asserts error as to the assault theory and the statutory dog owner's liability theory. No attack is made upon the negligence theory, and no objection is raised as to the plaintiff's reliance upon three separate and possibly inconsistent or duplicitous theories of liability.
Defendant asserts error in regard to the trial court's failure to direct a verdict on the assault theory and in the instructions given on assault under the case of Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972). It is argued that plaintiff's falling in the driveway was not a "substantially certain" result following from the assault upon plaintiff. Although we have some difficulty with the rationale of the Spivey decision, it is not necessary for us to deal with it directly. Plaintiff's theory here was that of assault rather than assault and battery. The instructions on assault defined the essential element as the violence offered rather than physical contact. Since the jury was not asked to separate the damages assessed between the different theories of liability, we assume that the jury followed the instructions and awarded damages under the assault theory for plaintiff's reasonable fear of imminent peril. We conclude that the trial court did not err in failing to direct a verdict on the assault theory or in the instructions to the jury on this theory.
The only other attack on the judgment is directed at the court's instructions given on the statutory dog owner's liability count. We have reviewed these instructions and conclude that they are in accordance with the law and were certainly not so deficient as to constitute prejudicial error. No attack has been made on the negligence aspects of the case. Plaintiff proceeded to trial and verdict upon three separate theories and prevailed upon all three. The judgment for compensatory damages is supportable based upon the statutory dog owner's liability theory even if error occurred in some other aspect of the case. We recognize that punitive damages were based upon the assault theory alone, but we conclude that no error has been demonstrated in this regard and affirm the final judgment in toto. In doing so we caution that no argument is raised as to the basic inconsistency between negligence and assault which requires a showing of an intentional act.
AFFIRMED.
LETTS, C.J., and GLICKSTEIN, J., concur.