SHEPHERD, J.
 

 Appellant, Iris Flores, appeals a trial court order dismissing her Third Amended Complaint with prejudice, on the ground the causes of action do not relate back to the date she filed her original complaint, one day before the statute of limitations ran on her personal injury action against Appellee, Riscomp Industries, Inc. We respectfully disagree with the decision of the trial court and reverse this case for further proceedings.
 

 In her initial complaint, Flores alleged she slipped and fell in a Miami International Airport terminal bathroom, for which Riscomp was bound by contract to “furnish[], manag[e], and supervis[e] the janitorial services.” Although Flores knew before she filed the initial complaint that Riscomp had subcontracted its janitorial responsibilities for this portion of the terminal to N & K Enterprises, Inc., and that N & K employee, Anne Davis, was assigned to properly clean the restroom used by Flores, Flores did not sue or seek to add either of them to her complaint as a defendant. Nevertheless, she amended her complaint three times after her initial filing, so by the time of the dismissal with prejudice, the Third Amended Complaint sounded in four counts: Negligence of Agent, Non-delegable duty, Violation of Contractual Duty, and Negligent Selection, Supervision and Retention. Although additional allegations of fact were inserted into the complaint as it progressed through its steps, and the legal theories of recovery were supplemented and modified, the substantive factual situation remained the same as that found in the original complaint — a slip and fall on property for which Riscomp was responsible.
 

 To survive a motion to dismiss after the statute of limitations has passed, an amended complaint must relate back to the original pleading made before the expiration of the statute of limitations.
 
 See
 
 Fla. R. Civ. P. 1.190(c). To relate back, the claim must arise out of the same “conduct, transaction, or occurrence.”
 
 See
 
 Maraj
 
 v. N. Broward Hosp. Dist.,
 
 989 So.2d 682, 685 (Fla. 4th DCA 2008);
 
 see also
 
 
 *148
 

 Peters v. Mitchel,
 
 423 So.2d 983, 983 (Fla. 3d DCA 1982);
 
 Meltsner v. Aetna Cas. & Ins. Co.,
 
 177 So.2d 43, 45 (Fla. 3d DCA 1965). The doctrine is to be applied liberally to achieve its salutary ends.
 
 See C.H. v. Whitney,
 
 987 So.2d 96, 99 (Fla. 5th DCA 2008);
 
 Ron’s Quality Towing, Inc. v. S.E. Bank of Fla.,
 
 765 So.2d 134, 135 (Fla. 1st DCA 2000). We have articulated the test to be whether “the original pleading gives fair notice of the general fact situation out of which the claim or defense arises.”
 
 Kiehl v. Brown,
 
 546 So.2d 18, 19 (Fla. 3d DCA 1989) (citations omitted) (emphasis added).
 

 On de novo review, we find the changing of legal theories to reach Flores’ ultimate conclusion did not alter the “general fact situation out of which the claim arose.”
 
 Id.; cf. Lefebvre v. James,
 
 697 So.2d 918 (Fla. 4th DCA 1997) (affirming the dismissal of an amendment to a complaint filed after the statute of limitations had run with prejudice, where the plaintiff sought to add a negligent delivery claim to a claim initially alleging the product, as delivered, was deficient). Accordingly, we reverse the order dismissing this case with prejudice.
 

 Flores also seeks reversal of an order denying her motion for discovery sanctions. We affirm the trial court denial of this application.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.