TORPY, J.
The issue in this personal injury case is whether the trial court erred in denying Appellant’s motion to amend his complaint to change his legal theory of recovery from negligence to battery after the statute of limitations had expired on the battery claim. Although the battery claim was based upon the identical operative facts as the negligence claim, the lower court de *894 nied the amendment because the amended complaint was premised on a different “cause of action.” We conclude that the proposed amendment should have been permitted because the amended complaint was based upon the same conduct, transaction, or occurrence, as alleged in the original complaint, and, therefore, related back to the original complaint. Accordingly, we reverse and remand for further proceedings.
The original complaint alleged that Appellant was patronizing Pleasure Island when the staff called security because they believed that Appellant and his companions were using fake identification cards. Off-duty Orange County Deputy Gregory Krantz was working as security for Pleasure Island. Deputy Krantz arrived at the scene and began escorting Appellant and his companions to the security booth. Appellant alleged that during this encounter, Deputy Krantz, without provocation or justification, threw him to the ground and twisted his arm, despite being told that his arm had been recently fractured. As a result, Appellant alleged that his arm was “re-fractured.” In his one-count complaint, Appellant sued Appellee, the Orange County Sheriff, for “negligence.” After the applicable statute of limitations had expired, Appellant sought to amend his complaint to change his theory of liability from negligence to battery, asserting that the battery occurred within the scope of Deputy Krantz’s employment by Appel-lee. The trial court denied the proposed amendment and granted judgment for Ap-pellee on the original complaint. The sole issue on appeal is the propriety of the lower court’s order denying the motion to amend.
The pertinent rule, Florida Rule of Civil Procedure 1.190(c), provides that an amended pleading relates back to the date of the original pleading when it arises “out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....” As with all pleading rules, this rule is to be liberally interpreted. C.H. v. Whitney, 987 So.2d 96, 99 (Fla. 5th DCA 2008). Here, there is no doubt that the amended pleading alleges a claim that arose out of the same occurrence as the original pleading because it is based upon the identical act, resulting in the identical injury. Appellee concedes this point, but nevertheless argues that the rule does not apply where, as here, the claim in the amended complaint is based on a different “cause of action” than that stated in the original pleading. Appellee cites several cases in support of this construction, principally relying on language from our decision in West Volusia Hospital Authority v. Jones, 668 So.2d 635 (Fla. 5th DCA 1996).
In West Volusia Hospital Authority, we affirmed the denial of a proposed amendment to add the victim’s father as a new party, asserting for the first time his claim for loss of filial consortium. Our decision there was based on the fact that the amendment asserted a “new and distinct” cause of action. Id. at 636 (emphasis added). The cause of action was “distinct” because it sought recovery for distinct injuries and damages involving a different plaintiff. Our decision there relied on School Board of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981), where the court held that an amended complaint filed by the decedent’s parents to recover different damages than claimed in the original complaint did not “relate back” as contemplated by rule 1.190. These cases do not stand for the proposition espoused by Appellee — that an amendment involving a new cause of action never relates back under the rule. Rather, they pertain to a narrow set of circumstances wherein the proposed amendment, *895 although emanating from the same set of operative facts, involved a factually distinct claim.
Appellee’s reliance on Livingston v. Malever, 103 Fla. 200, 137 So. 113 (1931), for the proposition that any new “cause of action” does not relate back to the original filing, is likewise misplaced. Livingston was decided before the modern rule was adopted. As the commentary to rule 1.190 makes clear, the rule’s intent was to alter the “cause of action” test, embodied in the prior law, in favor of a more liberal rule based upon “conduct, transaction, or occurrence.” Specifically, the commentary states:
The principle of relation back of amended pleadings existed in prior law, but it was limited to an amendment which did not state a new cause of action. The harshness of the rule was modified by a liberal construction of a “cause of action.” In accord with this liberal application of the principle, the rule requires only that the amendment arise out of the “conduct, transaction, or occurrence” set forth in the original pleading.
Fla. R. Civ. P. 1.190 cmt. Relation Back (1967).
We think the proper interpretation of rule 1.190 is set forth in Associated Television & Communications, Inc. v. Dutch Village Mobile Homes of Melbourne, Ltd., 347 So.2d 746 (Fla. 4th DCA 1977). There, the court adopted this explanation of the rule:
Thus, as we view it, the proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.
Id. at 748 (quoting Keel v. Brown, 162 So.2d 321, 323 (Fla. 2d DCA 1964)). The rationale for this rule is grounded in the notion of fair notice. When the original complaint gives fair notice of the factual underpinning for the claim, an amendment to state a new legal theory should relate back. See Flores v. Riscomp Indus., Inc., 35 So.3d 146, 147-48 (Fla. 3d DCA 2010) (providing that test for whether amendment relates back is whether original pleading gave defendant fair notice of “general fact situation” basis of new claim); Brown v. Wood, 202 So.2d 125, 128 (Fla. 2d DCA 1967) (same); see also 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1497 (3d ed.2011) (explaining one theory for relation-back rule is “ ‘[w]hen a suit is filed ... the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.’ ” (quoting Barthel v. Stamm, 145 F.2d 487, 491 (5th Cir.1944))).
This construction of rule 1.190(c) is entirely consistent with the construction of Federal Rule of Civil Procedure 15(c)(1)(B),[1] after which the Florida rule *896 was purposefully copied.[2] See Brown, 202 So.2d at 128-29 (Florida rule patterned after federal rule and its construction should be considered when interpreting Florida rule). Because we adopted the federal rule almost verbatim, we may rely on the federal cases construing the federal counterpart to our rule. Carter v. Lake Cnty., 840 So.2d 1158, 1157 (Fla. 5th DCA 2003). Unquestionably, these authorities permit an amendment setting forth a new legal theory to relate back after a statute of limitations has expired, provided that the amended complaint arises from “a common core of operative facts.” Mayle v. Felix, 545 U.S. 644, 659-60, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); see, e.g., Tiller v. Atl. Coast Line R.R., 328 U.S. 574, 580-81, 65 S.Ct. 421, 89 L.Ed. 465 (1945) (amended complaint related back and avoided intervening statute of limitations where original complaint sounded in negligence and amendment introduced statutory cause of action arising from same accident causing death of victim; both claims based on same “occurrence”); Hall v. Spencer Cnty., Ky,. 583 F.3d 930 (6th Cir.2009) (amendment to state new legal theory based on same “nexus of facts” related back); Maegdlin v. Int’l Ass’n of Machinists & Aerospace Workers, Dist. 94-9, 309 F.3d 1051 (8th Cir.2002) (amendment that changed theory of claim related back); Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114 (2d Cir.1994) (amended complaint with new legal theory related back to original complaint where based on same series of transactions and occurrences alleged in original complaint). As one authoritative commentary observed, the rule applies even when the new theory of action is of a different ilk altogether:
Applying this standard, courts have ruled that an amendment may set forth a different statute as the basis - of the claim, or change a common-law claim to a statutory claim or vice-versa, or it may shift from a contract theory to a tort theory, or delete a negligence count and add or substitute a claim based on warranty, or change an allegation of negligence in manufacture to continuing negligence in advertising. Indeed, an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in Rule 15(c)(1)(B).
Wright, supra, § 1497.
Here, the original claim and amended claim, although predicated on different legal theories, arose from the same occurrence. They involved the same plaintiff, the same injuries, and the same damages. Therefore, the proposed amended complaint relates back to the original filing. See Armiger v. Associated Outdoor Clubs, Inc., 48 So.3d 864, 870 (Fla. 2d DCA 2010) (amendment based on new legal theory relates back if arises from same occurrence).
REVERSED AND REMANDED.
ORFINGER, C.J., and COHEN, J., concur.

. Federal Rule 15(c)(1)(B) provides that an amendment to a pleading relates back when “the amendment asserts a claim or defense that arose out of the conduct, transaction, or *896 occurrence set out — or attempted to be set out — in the original pleading.”

. Rule 1.190 is the same as former Rule 1.15, 1954 Rules of Civil Procedure, as per amendment effective January 1, 1966. It is patterned closely after Federal Rule 15, and as such, 1A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition (West 1960) should be carefully studied for a constructive analysis of the similar federal counterpart.
Fla. R. Civ. P. 1.190 author's cmt. (1967).