# Supreme Court of Florida

_____

No. SC13-992
_____

**LEON KOPEL,**
Petitioner,

vs.

**BERNARDO KOPEL, et al.,**
Respondents.

[January 26, 2017]

QUINCE, J.

Respondents Bernardo and Enrique Kopel seek review of the decision of the Third District Court of Appeal in Kopel v. Kopel, 117 So. 3d 1147 (Fla. 3d DCA 2013), on the ground that it expressly and directly conflicts with a decision of this Court and other district courts of appeal on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we quash the decision of the Third District and approve the line of cases that follow the exact language of rule 1.190(c), allowing an amended complaint to relate back to the filing of the original, timely filed complaint as long as any new claims

within the amendment arise out of the same conduct, transaction, or occurrence as in the original filing.

## FACTS AND PROCEDURAL HISTORY

This case comes to us after twenty-one years of litigation involving claims by Leon Kopel (Petitioner) against his brother, Enrique Kopel, and Enrique's son, Bernardo Kopel (Leon's nephew),[1] resulting from deteriorating business relationships within the family. Kopel, 117 So. 3d at 1149. In 1994, Petitioner filed this lawsuit after he was unsuccessful in demanding the repayment of $5 million from Respondents and payment of two promissory notes for $845,000 and $1.45 million from Bernardo. At the 2008 trial, Petitioner, for the first time, claimed that settlement conversations between him and Enrique were actually oral agreements whereby Enrique was to pay $5 million to Petitioner in exchange for Petitioner's interest in certain business entities. Id. The trial resulted in a hung jury, and after a mistrial was declared, the trial court ordered the parties to amend their pleadings. Id. Petitioner's amendments to his complaint culminated with a fifth amended complaint filed in 2009, wherein he alleged that using a $15 million loan (which he and Enrique obtained from the Royal Bank of Canada using two companies they each owned individually), Petitioner loaned $5 million to Bernardo

_____

1. Hereinafter, Enrique and Bernardo Kopel may be referred to collectively as Respondents or individually according to their first names.

- 2 -

(Count I); that Petitioner received oral promises from Respondents to repay the loan and that in exchange for Respondents paying Petitioner $5 million, Petitioner would release them from any interest or claims Petitioner had in companies the parties owned together (Count II); and that Respondents were unjustly enriched when Petitioner gave them $5 million (Count III). Id. Respondents moved to dismiss the fifth amended complaint, arguing inter alia that the "breach of oral promise" claim was time-barred by the four-year statute of limitations, but the trial court denied the motion. Id. at 1150-51. Prior to trial, Respondents moved for summary judgment on the same grounds, but the trial court also denied that motion, and the case proceeded to trial. Id.

Finding in favor of Petitioner on all three counts, the jury found that Petitioner loaned Bernardo $5 million and Bernardo orally agreed to repay $2 million, that Enrique orally agreed to pay $3 million, and that Respondents were unjustly enriched by Petitioner for a total benefit conferred in the amount of $10 million. Id. After the verdict, Respondents filed a motion for a new trial or for judgment notwithstanding the verdict, alleging inter alia that there was no evidence to prove any of Petitioner's claims and the jury's verdicts were inconsistent. The trial court denied the motion and entered final judgment against Respondents, jointly and severally, on the unjust enrichment claim only. Id. Although it reduced

the jury award on this claim to $5 million, the trial court entered final judgment in favor of Petitioner for $14,063,164.50, after adding prejudgment interest.  Id.

Respondents appealed, and the Third District held that Respondents were entitled to judgment as a matter of law because the evidence did not support any of Petitioner's claims.  Id. at 1149, 1151.  Specifically, the court found that there was no unjust enrichment because the benefit of the loan was conferred upon corporate entities rather than Respondents directly.  Id. at 1152 (citing Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A., 667 So. 2d 876, 879 (Fla. 3d DCA 1996), for principle that unjust enrichment requires a benefit conferred directly to the litigant).  The district court also reversed because Petitioner's claims were barred by the statute of limitations, as the fifth amended complaint did not relate back to the original.  Id. at 1153.  The court stated to have relation back, an amended pleading must not state a new cause of action.  Id. at 1152.  The court found that the alleged oral promise by Enrique to repay the $5 million was "new, different, and distinct" from that which was originally pled.  Id.  Thus, the Third District concluded that the fifth amended complaint could not relate back as a matter of law.  Id.  Petitioner now seeks review of the Third District's decision.

## ANALYSIS

A trial court's ruling on a motion to dismiss is subject to de novo review. Mender v. Kauderer, 143 So. 3d 1011, 1013 (Fla. 3d DCA 2014); Armiger v.

- 4 -

Associated Outdoor Clubs, Inc., 48 So. 3d 864, 869 (Fla. 2d DCA 2010). The determination of whether an amended complaint relates back to the filing of the original complaint is a question of law, also reviewed de novo. Caduceus Properties, LLC v. Graney, 137 So. 3d 987, 991 (Fla. 2014); Flores v. Riscomp Indus., Inc., 35 So. 3d 146, 148 (Fla. 3d DCA 2010). An amended complaint raising claims for which the statute of limitations has expired can survive a motion to dismiss if the claims relate back to the timely filed initial pleading. Flores, 35 So. 3d at 147. Thus, the conflict issue here is whether Petitioner's fifth amended complaint, which added a new "breach of oral promise" claim not contained within the original complaint, relates back to the filing of the original complaint under rule 1.190(c). Rule 1.190 governs amended pleadings and defines the relation back doctrine as follows: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." Fla. R. Civ. P. 1.190(c) (emphasis added).

### I. Relation Back

It is undisputed that Petitioner's original complaint, filed in 1994, did not specifically allege a breach of oral promise claim. Petitioner first asserted this claim in his fourth amended complaint in 2008 against Enrique only, and against both Respondents in his fifth amended complaint in 2009. The statute of

- 5 -

limitations provides only a four-year period in which to raise such a claim. § 95.11(3)(k), Fla. Stat. (1993). Here, the fifth amended complaint alleges that the oral promise was made "during the funding of the loan" to Bernardo, which occurred in 1991. Respondents explain that Petitioner's July 13, 2010, Answers to Interrogatories state that the oral promise was made in 1991, 1992, and again in 1993. Even using 1993, the statute of limitations expired on Petitioner's claim in 1997 at the latest. Thus, for the claim to survive dismissal, it must relate back to the initial complaint. Flores, 35 So. 3d at 147.

There are two lines of district court cases interpreting the operation of the relation back doctrine in Florida. The first holds that an amended pleading does not relate back if it states a new, different, or distinct cause of action from the original pleading. Trumbull Ins. Co. v. Wolentarski, 2 So. 3d 1050, 1055 (Fla. 3d DCA 2009); Page v. McMullan, 849 So. 2d 15, 16 (Fla. 1st DCA 2003) (stating that amendments "may not be used to avoid the statute of limitations if the amendment sets forth a new and distinct cause of action"); Arnwine v. Huntington Nat'l Bank, N.A., 818 So. 2d 621, 625 (Fla. 2d DCA 2002) ("[E]ntirely new and separate causes of action will not relate back."); W. Volusia Hosp. Auth. v. Jones, 668 So. 2d 635, 636 (Fla. 5th DCA 1996) (explaining that relation back is not permitted where amendment states a new and distinct cause of action); Daniels v. Weiss, 385 So. 2d 661, 663 (Fla. 3d DCA 1980). For example, in Arnwine, the

plaintiff's original complaint alleged causes of action against the defendant bank for reconstruction of lost instruments, conversion, accounting, fraud, and breach of fiduciary duty. 818 So. 2d at 625. The amended complaint alleged the same causes of action, but also included a new claim for civil conspiracy. Id. The Second District found that the trial court did not err in dismissing this new claim because "[w]hile the allegations of this count arise from the same set of operative facts alleged in the original complaint, civil conspiracy is, in fact, an entirely new cause of action" that does not relate back. Id. at 625-26.

The second line of cases instead follows the exact language of rule 1.190(c)—allowing relation back where the claims from the amended pleading arise out of the same conduct, transaction, or occurrence as in the original, timely filed complaint. Armiger, 48 So. 3d at 870; Flores, 35 So. 3d at 147. In other words, as long as the initial complaint gives the defendant fair notice of the general factual scenario or factual underpinning of the claim, amendments stating new legal theories can relate back. Fabbiano v. Demings, 91 So. 3d 893, 895 (Fla. 5th DCA 2012); Flores, 35 So. 3d at 148; Kiehl v. Brown, 546 So. 2d 18, 19 (Fla. 3d DCA 1989). This is true even where the legal theory of recovery has changed[2] or

---

2. Flores, 35 So. 3d at 147 (allowing relation back even though legal theories of recovery in amended complaints were supplemented and modified).

- 7 -

where the original and amended claims require the assertion of different elements.[3]

In Armiger, the plaintiff sued a company and its janitorial service provider after he slipped and fell on the company's property. 48 So. 3d at 866. The trial court dismissed the plaintiff's first amended complaint for failure to state a cause of action as against the company because the complaint did not allege breach of a nondelegable duty or vicarious liability and there was no basis for a negligence claim against the company directly. Id. The plaintiff moved to amend his complaint accordingly, but the court denied the motion, reasoning that the statute of limitations had expired and the proposed amendment would not relate back. Id. On appeal, the Second District found that even though it stated a new cause of action, the proposed amendment would relate back because the claims alleged therein were based on the same conduct, transaction or occurrence as those in the first amended complaint. Id. at 872. The court explained that "[a]lthough the first amended complaint does not plainly state the breach of a [nondelegable] duty, the applicability of the doctrine of nondelegable duty under the facts alleged is apparent." Id.; see also Roden v. R.J. Reynolds Tobacco Co., 145 So. 3d 183, 188 (Fla. 4th DCA 2014) (finding that wrongful death claim and personal injury claim

---

3. See, e.g., Fabbiano, 91 So. 3d at 896 (finding that battery claim related back to negligence claim because both involved same plaintiff, same injuries, and same damages and, therefore, "arose from the same occurrence").

arose out of same transaction because both were based on decedent's claim of injury due to smoking cigarettes); Mender, 143 So. 3d at 1014-15 (finding relation back where "the characterization of the complaint as individual or derivative did not alter the underlying facts, circumstances, or parties, and gave fair notice to all parties of the general fact situation out of which the claims arose").

Essentially, this second line of cases holds that the assertion of a new claim in an amendment is not <u>dispositive</u> as to whether the amendment can relate back. However, these cases recognize that a newly added claim <u>could</u> fail to meet the relation back test if the new claim is so factually distinct that it does not arise out of the same conduct, transaction, or occurrence as the original. See <u>Fabbiano</u>, 91 So. 3d at 894-95 (explaining that cases such as <u>West Volusia Hospital Authority</u> do not stand for the principle that "an amendment involving a new cause of action never relates back" under rule 1.190 but instead "pertain to a narrow set of circumstances wherein the proposed amendment, although emanating from the same set of operative facts, involved a <u>factually distinct claim</u>").[4]

---

4. <u>See, e.g.</u>, <u>Trumbull Ins. Co.</u>, 2 So. 3d at 1055 (finding that plaintiff's PIP claim did not relate back to original negligence and uninsured/underinsured claims where original claims concerned collision of school bus with plaintiff's vehicle and PIP claim concerned insurer's failure to pay medical providers certain contracted benefits); <u>W. Volusia Hosp. Auth.</u>, 668 So. 2d at 636 (finding father's claim for loss of filial consortium in death of son sufficiently different from mother's claim for loss of filial consortium such that father's claim did not relate back). We cite

In Caduceus Properties, LLC v. Graney, 137 So. 3d 987 (Fla. 2014), we had before us the issue of "whether an amended complaint, naming a third-party defendant as a party defendant, relates back to the filing of the third-party complaint for statute of limitations purposes." Id. at 989. We found that the amended complaint related back because the third-party complaint put the third-party defendant on notice of the conduct, transaction, or occurrence from which the claims against that defendant arose. Id. at 992-93. We noted that our holding did not "disturb the precedent that, generally, the relation back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations has expired." Id. at 993-94 (emphasis added). Nor did it remove all discretion from the trial court, since that court must still determine whether the claims arise from the same conduct, transaction, or occurrence and still retains "discretion to deny the amendment if it is so late in the proceedings that the opposing party would be unfairly prejudiced and other options, such as a continuance, would be unfair to either party." Id. at 994.

We cited three factors in support of our interpretation of rule 1.190(c) that are equally applicable here. First, this interpretation is consistent with Florida's judicial policy of freely permitting amendments to pleadings, as long as they do

these two cases as examples of the analysis conducted by the courts therein without passing judgment as to the correctness of either decision.

not prejudice the opposing party, so that cases may be resolved on the merits. Id. at 991-92. Second, "[p]ermitting relation back in this context is also consistent with Florida case law holding that rule 1.190(c) is to be liberally construed and applied." Id. at 992. Last, this interpretation is consistent with the purpose of the statute of limitations, which is "to protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from the unexpected enforcement of stale claims"—a purpose that is not implicated where the new claims concern the same conduct, transaction, or occurrence as the original. Id.

In accordance with rule 1.190 and our prior case law, we disapprove the first line of cases to the extent that they establish a bright-line rule that amendments asserting new claims cannot relate back under any circumstances. As established in Fabbiano, Armiger, and even Caduceus, amendments asserting new claims can relate back to the original pleading as long as they arise out of the same conduct, transaction, or occurrence as the claims within the original. The proper focus of the inquiry is not whether the amended pleading sets forth a new or different claim, but whether the claims within the amended pleading are part of the same conduct, transaction, or occurrence as in the original pleading. Accordingly, we approve the second line of cases, which recognizes that while amendments with new claims do not always relate back, they can do so if the claims are not factually distinct from those within the original complaint.

- 11 -

In the instant case, we reject the Third District's holding that "because the fifth amended complaint states a new cause of action, it cannot relate back as a matter of law." Kopel, 117 So. 3d at 1152. Although the two complaints allege slightly different facts or different theories of recovery, such differences do not preclude a finding of relation back. See, e.g., Fabbiano, 91 So. 3d at 896 (finding that original negligence claim and amended claim of battery still "arose from the same occurrence" and related back, although predicated on different legal theories); Flores, 35 So. 3d at 147 ("Although additional allegations of fact were inserted into the complaint as it progressed through its steps, and the legal theories of recovery were supplemented and modified, the substantive factual situation remained the same as that found in the original complaint."); Dailey v. Leshin, 792 So. 2d 527, 532 (Fla. 4th DCA 2001) ("The proper relation back test is whether the amended claims arose out of the same conduct, transaction, or occurrence originally set forth, even if they raise a new legal theory.").

Both the original and fifth amended complaints allege that (1) Petitioner and Enrique borrowed $15 million, with Petitioner being liable for $5 million and Enrique being liable for $10 million; (2) Petitioner loaned such amount to either Bernardo individually or Respondents collectively; and (3) regardless of the asserted theory of recovery, Respondents, individually and collectively, have failed and refused to pay this amount. Accordingly, the new claim is not factually

distinct, but arises out of the same conduct, transaction, or occurrence as that established in the original pleading. Petitioner's fifth amended complaint relates back to his original complaint, and we quash the Third District's decision reversing the trial court's denial of Respondents' motion for summary judgment.

## II. Sufficiency of the Evidence

We also disagree with the district court's holding that Respondents were entitled to judgment as a matter of law based on insufficient evidence. Kopel, 117 So. 3d at 1151.[5] After trial, Respondents filed a motion for a new trial or for judgment notwithstanding the verdict on grounds that, inter alia, no evidence existed to prove Petitioner's claims. The trial court denied that motion, but the Third District reversed, holding that Respondents were entitled to judgment as a matter of law because the evidence did not support any of Petitioner's clams. Id. Although the district court found insufficient evidence of all three counts asserted in Petitioner's fifth amended complaint, the court only discussed the evidence as to the unjust enrichment claim, finding no evidence of unjust enrichment because there was no evidence of a benefit being conferred directly to Respondents, rather than indirectly to corporations owned by them. Id. at 1152-53.

---

5. We acknowledge that sufficiency is not the conflict issue in this case. However, once we accept jurisdiction to resolve a conflict, we may, in our discretion, consider other issues properly raised and argued before this Court. Savoie v. State, 422 So. 2d 308, 310 (Fla. 1982).

The Third District is correct that to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant. See Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla. N.A., 667 So. 2d 876, 879 (Fla. 3d DCA 1996). However, we disagree with the Third District's ruling regarding insufficient evidence because the record contains sufficient evidence to support the jury's verdict as to Count II for breach of an oral promise.

An order on a motion for directed verdict or for judgment notwithstanding the verdict is reviewed de novo. See Christensen v. Bowen, 140 So. 3d 498, 501 (Fla. 2014); Jackson Cty. Hosp. Corp. v. Aldrich, 835 So. 2d 318, 326 (Fla. 1st DCA 2002) (applying same standard of review to both). We must affirm the denial of the motion "if any reasonable view of the evidence could sustain a verdict in favor of the non-moving party." Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So. 3d 247, 250 (Fla. 4th DCA 2009). In addition, we must view the evidence and all inferences of fact in the light most favorable to the nonmoving party. Christensen, 140 So. 3d at 501.

As to Count II, alleging Respondents' breach of an oral promise, we find that sufficient evidence exists to sustain a verdict in Petitioner's favor as to this claim. Petitioner testified repeatedly that Respondents had promised multiple times to repay him for the $5 million loan. Petitioner also testified that Enrique had once promised repayment at a meeting with Petitioner's and Enrique's

- 14 -

parents—a meeting about which their mother, Chana Kopel, testified confirming Petitioner's testimony. Enrique himself testified about this meeting, stating that a verbal agreement was reached for Enrique to pay Petitioner $5 million in exchange for a release from Petitioner as to any interests Petitioner had in companies the parties owned together. However, Enrique testified that the parties had agreed to put the oral agreement in writing. Although Enrique also testified that Petitioner did not make any loans to Respondents and that Enrique did not promise to repay any loans, the jury could have instead accepted Petitioner's and his mother's testimony. Furthermore, the jury expressly rejected, by special verdict form, Enrique's testimony that the agreement was to be reduced to writing.

Viewing the evidence and inferences of fact in the light most favorable to Petitioner, we find sufficient evidence to sustain the jury's verdict on Count II for breach of an oral promise. It matters not that the trial court entered judgment only on the unjust enrichment count because the jury here awarded judgment to Petitioner, by special verdict form, on each of three different theories of recovery and was not asked to apportion the damages between each theory. See Southstar Equity, LLC v. Lai Chau, 998 So. 2d 625, 631 (Fla. 2d DCA 2008) ("Where a special verdict supports the same damage claim on two or more theories of liability, if one of the theories of liability is not affected by harmful error, an error with respect to another theory of liability that would be considered harmful if the

- 15 -

affected theory of liability were viewed in isolation is rendered harmless because the verdict is independently supported by another theory of liability."); ISK Biotech Corp. v. Douberly, 640 So.2d 85, 89 (Fla. 1st DCA 1994); Thomas v. Wyatt, 405 So. 2d 1369, 1370 (Fla. 4th DCA 1981) ("Plaintiff proceeded to trial and verdict upon three separate theories and prevailed upon all three. The judgment for compensatory damages is supportable based upon [one] theory [of recovery] even if error occurred in some other aspect of the case."). Thus, any one of those three theories individually can provide the basis for the jury's verdict.

## CONCLUSION

We hereby quash the Third District's decision in Kopel v. Kopel, 117 So. 3d 1147 (Fla. 3d DCA 2013), and approve cases such as Caduceus Properties, LLC v. Graney, 137 So. 3d 987, 989 (Fla. 2014), Fabbiano v. Demings, 91 So. 3d 893, 895 (Fla. 5th DCA 2012), and Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 870 (Fla. 2d DCA 2010), which make clear that an amendment asserting a new cause of action can relate back to the original pleading where the claim arises out of the same conduct, transaction, or occurrence as the original. We also quash the Third District's finding of insufficient evidence of Petitioner's breach of oral

promise claim and remand to the district court for proceedings consistent with this opinion.[6]

It is so ordered.

LABARGA, C.J., and PARIENTE, and LEWIS, JJ., and PERRY, Senior Justice, concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

I agree with the majority "that an amendment asserting a new cause of action can relate back to the original pleading [when] the claim arises out of the same conduct, transaction, or occurrence as the original." Majority op. at 16. But I disagree with the majority's conclusion that the decision on review transgresses this rule. Because the result reached by the Third District is consistent with the rule in the supposed conflict cases on which the majority relies, I would discharge this case. I therefore dissent.

The majority tellingly relates that—fourteen years after suit was first filed—"[a]t the 2008 trial, Petitioner, for the first time, claimed that settlement conversations between him and Enrique were actually oral agreements whereby Enrique was to pay $5 million to Petitioner in exchange for Petitioner's interest in

---

6. We decline to address any other issues raised by the parties.

certain business entities." Majority op. at 2. Following the declaration of a mistrial, the Petitioner filed an amended complaint alleging a claim based on these new facts. The district court correctly concluded that under Florida Rule of Civil Procedure 1.190(c) this new claim did not relate back to the filing of the original complaint and therefore was barred by the statute of limitations.

Under the relation-back rule, a plaintiff may plead new causes of action based on the basic factual narrative previously alleged. But a plaintiff is not entitled to allege new core facts. A plaintiff may supplement—with related facts and new causes of action—the original narrative, but may not bring forth a new narrative. A claim predicated on such a new narrative is not a claim that "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and therefore does not relate back to the filing of the original complaint. Fla. R. Civ. P. 1.190(c).

To accept the Petitioner's position requires that the rule's reference to claims arising from the "conduct, transaction, or occurrence" that was originally alleged be understood to encompass every factual allegation related to the contemporaneous business interactions of a plaintiff and defendant. Under this view, a plaintiff who had originally claimed that the defendant had failed to pay for an automobile purchased from the plaintiff would be permitted—after the statute of limitations had run—to make a claim based on the alleged failure of the defendant

to pay for a horse purchased from the plaintiff. This seriously distorts the rule and would turn litigation into a quest by the plaintiff to find some new winning narrative whenever the original narrative threatens to fail.

Here, the claims previously pleaded by the Petitioner related to unpaid obligations arising from alleged loan transactions as well as harm suffered by the Petitioner as an investor in certain business entities. The claim that the Third District concluded was barred by the statute of limitations was based on allegations that Enrique had breached an oral agreement to purchase the Petitioner's interest in certain business entities. A transaction involving a promise to purchase an interest in business entities is entirely distinct from a loan transaction or an occurrence involving harm to a claimant as an investor. The transaction involving the alleged promise to purchase an interest in certain business entities thus did not arise from the same "conduct, transaction, or occurrence" set forth in the original complaint.

So the result reached by the Third District was correct. Admittedly, the Third District erred in making the unqualified statement that "[t]o relate back, the [amended] pleading must not state a new cause of action." Kopel v. Kopel, 117 So. 3d 1147, 1152 (Fla. 3d DCA 2013). But the court also emphasized the totally distinct core factual allegations underlying the new cause of action in the amended complaint. In these circumstances, the case should be discharged.

POLSTON, J., concurs.

- 19 -

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

   Third District - Case No. 3D11-536

   (Miami-Dade County)

Raoul G. Cantero, III, David P. Draigh, and Jesse Luke Green of White & Case LLP, Miami, Florida,

   for Petitioner

Scott Jay Feder of Scott Jay Feder, P.A., Coral Gables, Florida,

   for Respondents