# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1335 & 3D21-1639
Lower Tribunal No. 16-26865

_____

**CFLB Partnership, LLC,**
Appellant,

vs.

**Diamond Blue International, Inc., etc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, and Brian C. Tackenberg, for appellant.

Coffey Burlington, P.L., and Jeffrey B. Crockett, for appellees.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LOGUE, J.

CFLB Partnership, LLC ("Partnership") appeals the trial court's final summary judgment in favor of Diamond Blue International, Inc. and

Fundacion Lemar on their claims for unjust enrichment. Because we find that the record before us fails to establish as a matter of law that a direct benefit was conferred upon Partnership—a necessary element of an unjust enrichment claim—we reverse.

## Factual and Procedural Background

Diamond Blue International, Inc. and Fundacion Lemar (collectively, "Plaintiffs") filed suit against Partnership and CFLB Management, LLC ("Management")[1] regarding monies Plaintiffs loaned to Management that were used in connection with a development project involving the Conrad Fort Lauderdale Beach Resort (the "Property"), which is owned by Partnership. Plaintiffs each loaned $1,000,000 and received individual promissory notes executed by Management. Plaintiffs transferred the loaned funds to Management's account. The following day, Management transferred the funds to Partnership as a capital contribution in exchange for an adjustment in its ownership interests in Partnership. Plaintiffs eventually demanded repayment pursuant to the terms of the notes, but Management failed to repay the notes.

---

[1] Partnership is comprised of two members: Management and Boston Equity Partners, LLC.

Plaintiffs obtained a final judgment against Management on their claims for breach of the promissory notes, which we affirmed on appeal. See Conrad FLB Mgmt., LLC v. Diamond Blue Int'l, Inc., 300 So. 3d 716 (Fla. 3d DCA 2019) ("Conrad I"). The matter before us concerns Plaintiffs' claims against Partnership for unjust enrichment. In this regard, the complaint alleged that Plaintiffs conferred benefits on Partnership, specifically the $2,000,000 Plaintiffs loaned to Management that Management transferred to Partnership, and, under the circumstances, it would be inequitable for Partnership to retain the benefits conferred without being required to repay Plaintiffs.

Plaintiffs moved for summary judgment and argued the undisputed facts established that Management and Partnership were related entities, with Management owning a 50% equity interest in Partnership, and that both shared the same manager, identical officers, directors, corporate counsel, and office space. Plaintiffs also alleged it was undisputed that "Plaintiffs' $2M was immediately transferred, from the Management account that Defendants had directed Plaintiffs to deposit the funds, to Partnership." Plaintiffs asserted their funds were used by Partnership in connection with the development and operating needs of the Property and that Partnership did not contest receipt of the $2 million from Plaintiffs. Based on these

3

undisputed facts, Plaintiffs argued they were entitled to summary judgment on their claim for unjust enrichment against Partnership.

Partnership filed a response and cross motion for summary judgment, arguing it was entitled to summary judgment on Plaintiffs' unjust enrichment claim because Plaintiffs received a judgment on their promissory note claims against Management, which established that Plaintiffs had an adequate remedy at law and that Plaintiffs did not bestow a direct benefit on Partnership. Partnership also argued it was undisputed that it provided adequate consideration to Management in the form of an adjustment to Management's capital account with Partnership in exchange for the money, thus precluding any claim of unjust enrichment. In response to Plaintiffs' allegations that Management and Partnership were related entities and that the same people were behind both LLCs, Partnership admitted the facts alleged but argued they were irrelevant because no alter ego claim had been pled by Plaintiffs. Partnership also noted that this Court's prior decision in Conrad I stated that Management and Partnership were separate and distinct entities. See Conrad I, 300 So. 3d at 719.

Following a hearing on the parties' competing motions for summary judgment, the trial court ruled that Plaintiffs conferred a direct benefit on Partnership because there was no true economic transaction between

4

Management and Partnership with respect to Plaintiffs' funds. The trial court also ruled that no real consideration changed hands in exchange for Partnership's receipt of Plaintiffs' funds, and any book entry or documented capital contribution was legally irrelevant because identical beneficial owners ultimately owned 100% of both Management and Partnership. As a result, the trial court granted Plaintiffs' motion for summary judgment and denied Partnership's cross motion for summary judgment. Partnership's request for rehearing was also denied.

## Analysis

This Court reviews a trial court's order on a motion for summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

"The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Fla., N.A., 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (quoting Hillman Const. Corp. v. Wainer, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)). The Florida Supreme Court has further

stated that "to prevail on an unjust enrichment claim, the plaintiff must <u>directly</u> confer a benefit to the defendant." <u>Kopel v. Kopel</u>, 229 So. 3d 812, 818 (Fla. 2017) (emphasis added).

Here, no such direct benefit was conferred. The undisputed facts establish that Plaintiffs each loaned $1,000,000 to Management, they transferred these funds to Management's account, and they received individual promissory notes executed by Management in exchange. Based on these undisputed facts, Plaintiffs cannot establish that they conferred a direct benefit on Partnership.

Our conclusion is supported by this Court's decision in <u>Extraordinary Title Services, LLC v. Florida Power & Light Company</u>, 1 So. 3d 400 (Fla. 3d DCA 2009). In that case, a class action was brought against Florida Power & Light Company ("FPL") and its parent company, FPL Group, Inc. for unjust enrichment. The plaintiff alleged FPL billed and collected monies from its customers for federal corporate taxes it expected to pay but ultimately did not pay or only partially paid, with the remainder being refunded to FPL Group by the federal government. The plaintiff therefore argued that FPL's account holders had conferred a benefit on FPL Group and it was unjust for FPL Group to retain said monies and benefits received by it at the expense of the plaintiff.

6

FPL Group filed a motion to dismiss arguing the plaintiff failed to state a cause of action for unjust enrichment because the plaintiff had not conferred a direct benefit upon FPL Group, and the trial court granted the motion. This Court affirmed the trial court's dismissal because the complaint indicated the plaintiff had absolutely no relationship with FPL Group and had not conferred a direct benefit on FPL Group. The Court further explained that the plaintiff contracted with FPL, not FPL Group, for electricity; the plaintiff paid FPL, not FPL Group; and FPL Group provided no services to the plaintiff. Based on these facts, which were not in dispute, the plaintiff could not allege or establish that it conferred a direct benefit on FPL Group. See also Kopel v. Kopel, 117 So. 3d 1147, 1152-53 (Fla. 3d DCA 2013), quashed on other grounds, Kopel v. Kopel, 229 So. 3d 812, 818 (Fla. 2017) (holding that there was insufficient evidence to support the plaintiff's unjust enrichment claim where the plaintiff failed to put forth any evidence of a benefit conferred directly to the defendants, rather than indirectly to corporations owned by them.).

While we recognize it is also undisputed that Management and Partnership are related entities, Plaintiffs did not seek to pierce the corporate veil in the underlying proceedings. Partnership and Management are limited liability companies, which are corporate entities that provide limited liability

7

akin to the corporate form and are considered distinct from the persons (or in this case, companies) that comprise them. See Olmstead v. F.T.C., 44 So. 3d 76, 78, 80 (Fla. 2010). See also Gasparini v. Prodomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) ("A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them."). Plaintiffs did not allege or prove the factors necessary to "pierce the corporate veil" here, and without a piercing of the corporate veil a direct benefit from Plaintiffs to Partnership cannot be shown. Although the undisputed facts here may, understandably, be viewed as evidence of inequitable circumstances warranting a finding of unjust enrichment, without evidence demonstrating that a direct benefit was conferred on Partnership, Plaintiffs' claims of unjust enrichment necessarily fail as a matter of law.

Finally, we recognize our decision in this matter may not be in accord with certain federal district court orders relied upon by Plaintiffs and the trial court, see, e.g., Weinberg v. Advanced Data Processing, Inc., 147 F. Supp. 3d 1359 (S.D. Fla. 2015); Solidda Group, S.A. v. Sharp Electronics Corp., Case No. 12-21411, 2014 WL 12513613 (S.D. Fla. Mar. 6, 2014). We are bound, however, by the Supreme Court's decision in Kopel and our own decision in Extraordinary Title Services, which we interpret as requiring the benefit to be more direct than what occurred here. See also Marrache v.

8

<u>Bacardi U.S.A., Inc.</u>, 17 F.4th 1084, 1102 (11th Cir. 2021) ("Marrache failed to allege that he and the other class members conferred a direct benefit to Bacardi. As alleged in his amended complaint, Marrache and the other class members purchased bottles of Bombay from Winn-Dixie, not Bacardi. At most, Marrache has alleged that he and the other class members conferred an indirect benefit to Bacardi and, as such, cannot satisfy the first element of an unjust enrichment claim against Bacardi."); <u>Johnson v. Catamaran Health Sols., LLC</u>, 687 F. App'x 825, 830 (11th Cir. 2017) ("Under their unjust enrichment theory, the Johnsons say they conferred a benefit on Stonebridge by paying membership fees to Catamaran, who in turn paid premiums to Stonebridge. However, even if Stonebridge ultimately retained a portion of the Johnsons' membership payments, <u>Extraordinary Title Services</u> and <u>Kopel</u> indicate that the Johnsons conferred (at best) an indirect benefit on Stonebridge. As a result, they cannot satisfy the first element of an unjust enrichment case, and we affirm the district court's dismissal of this claim.").

Reversed and remanded.