# Third District Court of Appeal
## State of Florida

Opinion filed July 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0097, 3D23-0098, 3D23-0099, 3D23-0100, & 3D23-0101
Lower Tribunal Nos. 20-8179 SP, 20-21937 SP, 20-21932 SP, 20-8181 SP,
19-11857 SP

_____

**Sharon L. Orr, et al.,**
Appellants,

vs.

**AT&T Mobility, LLC,**
Appellee.

Appeals from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Beighley, Myrick, Udell & Lynne, P.A. and Maury L. Udell; David B. Pakula, P.A. and David B. Pakula (Pembroke Pines), for appellants.

Dentons US LLP, Jonathan H. Kaskel, and Angel A. Cortiñas, for appellee.


Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

In these consolidated appeals, Sharon L. Orr, Mario Milian, Monique Ysidron, Edward Barger and Francisco Batista (collectively, the "Appellants") challenge the trial court's dismissal of their complaints with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's orders, we affirm.

The Appellants entered into wireless customer agreements with AT&T Mobility LLC ("AT&T"), which included an administrative fee charge for providing unlimited data with potential speed restrictions. The Appellants later filed claims against AT&T based on relevant sections of the wireless customer agreement, alleging deceptive administrative fee charges and data throttling.[1] AT&T moved to dismiss the complaints with prejudice and included the wireless customer agreement as an exhibit to its motions. After a hearing, the trial court granted AT&T's motions to dismiss each complaint with prejudice.

"A trial court's ruling on a motion to dismiss is subject to *de novo* review." Skupin v. Hemisphere Media Grp., Inc., 314 So. 3d 353, 355 (Fla. 3d DCA 2020) (quoting Kopel v. Kopel, 229 So. 3d 812, 815 (Fla. 2017)). "When ruling on a motion to dismiss, the Court 'must limit itself to the four

---

[1] "Data throttling" is described as the imposition of speed restrictions on a user's internet connection by a service provider.

2

corners of the complaint, including any attached or incorporated exhibits, assuming the allegations in the complaint to be true and construing all reasonable inferences therefrom in favor of the non-moving party.'" Id. (quoting Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014)).

On appeal, the Appellants argue the trial court erred in considering the wireless customer agreement attached to AT&T's motion to dismiss.[2] We start with the basic premise that "[o]rdinarily only a complaint . . . and its attachments may be considered when passing on a motion to dismiss." Air Quality Assessors of Fla. v. Southern-Owners Ins. Co., 354 So. 3d 569, 571 (Fla. 1st DCA 2022). When, however, "the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss." Id. (quoting One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015)). The Appellants raised the wireless customer agreement as the basis for their complaints and expressly relied upon the agreement to attempt to state causes of action. Because the allegations in the complaints incorporated the wireless customer agreement by relying on and quoting it, the trial court properly considered the agreement while ruling

---

[2] We affirm the other issues raised without further discussion.

3

on AT&T's motion to dismiss the complaint with prejudice.  See Von Dyck v. Gavin, 350 So. 3d 842, 845 (Fla. 1st DCA 2022) ("The [Agreement] was not attached to the complaint but numerous references were made to the [Agreement] in the complaint, and Appellant raised the [Agreement] as the basis for one of its arguments.  Thus, we find no error in the trial court's dismissal of the [Agreement] portion of Appellant's complaint."); Veal v. Voyager Prop. & Cas. Ins. Co., 51 So. 3d 1246, 1249-50 (Fla. 2d DCA 2011) ("[T]he complaint refers to the settlement agreement, and in fact, [plaintiff's] standing to bring suit is premised on the terms of that agreement.  Accordingly, since the complaint impliedly incorporates the terms of the agreement by reference, the trial court was entitled to review the terms of that agreement to determine the nature of the claim being alleged.").

Affirmed.