[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13247

Non-Argument Calendar

_____

JOAQUIN LORENZO,
on Behalf of Himself and All Others Similarly Situated,

Plaintiff-Appellant,

*versus*

MILLERCOORS LLC,
MOLSON COORS BREWING COMPANY,
SABMILLER PLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cv-20851-DMM

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This case is about whether plaintiff Joaquin Lorenzo plausibly alleged that the defendants (collectively, Coors) misled consumers into believing Coors Light was exclusively brewed in Colorado using various promotional materials, including advertisements claiming the brand was "Born in the Rockies." He didn't, so we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Coors Light is a beer sold as part of the Coors brand. The Coors brand has its roots in Golden, Colorado at the base of the Rocky Mountains, where the original creators of the brand established the first brewery in 1873. Until the 1970s, Coors remained a regional product that was mostly sold in the American West. Coors has since grown in popularity, and Coors Light is now the second most popular domestic beer in America. The company still maintains its original Golden, Colorado brewery, but that isn't the only place that Coors Light is brewed—these days, it's brewed throughout the United States.

While Coors Light might have expanded beyond the Golden, Colorado brewery, the brand hasn't forgotten its roots,

and the company has repeatedly marketed Coors Light by referencing the Rocky Mountains. As a few examples, some advertisements described Coors Light as being "[b]rewed in [Coors's] Rocky Mountain [t]radition." Others told consumers that Coors's "mountain [was] brewing the world's most refreshing beer." And perhaps most significant to this appeal, Coors Light was repeatedly marketed as being "Born in the Rockies," a phrase that also appeared on cases of Coors Light and the individual cans.

Lorenzo filed a class action complaint against Coors in state court, asserting one unjust enrichment count based on the allegedly misleading way Coors marketed Coors Light. He alleged that Coors's advertisements misled him and other consumers into believing Coors Light was exclusively brewed in the Rocky Mountains and that they bought the beer based on that belief. Lorenzo also claimed that the advertisements implied Coors Light was brewed using "pure Rocky Mountain spring water." He sought restitution in the form of damages for the money wrongly acquired by Coors through its false advertising campaign.

Coors removed the case to federal court and moved to dismiss the complaint. The district court granted the motion, concluding that, although Lorenzo alleged several of Coors's advertisements referenced the Rocky Mountains, the advertisements could not be read by a reasonable consumer to claim that Coors Light was exclusively brewed in the Rocky Mountains or that Coors Light was brewed using "pure Rocky Mountain spring

water."  Without any allegations like that, Lorenzo couldn't state a plausible claim that consumers were misled.

Lorenzo appeals the dismissal of his damages claim.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint for failure to state a claim.  *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1193 (11th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While "[t]he plausibility standard is not akin to a 'probability requirement,'" there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

On appeal, Lorenzo argues that the district court did not view the alleged facts in the light most favorable to him, and that, properly viewed, the Coors advertisements could mislead consumers into believing Coors Light was brewed exclusively in the Rocky Mountains.  Coors responds that the district court properly concluded none of the advertisements could plausibly deceive consumers.  We agree with the district court.

An unjust enrichment claim brought under Florida law "has three elements:  (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that

benefit; and (3) the circumstances are such that it would be inequitable for the defendant[] to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). Lorenzo relies on the alleged false and deceptive nature of the advertisements here to establish his unjust enrichment claim.

To survive a motion to dismiss in this context, the plaintiff must "plead[] facts to support a plausible inference that a reasonable consumer would find" the advertisement misleading. *See Hi-Tech*, 910 F.3d at 1196 (discussing false advertising under the Lanham Act). An advertisement that is literally true or otherwise ambiguous can be misleading when it "implicitly convey[s] a false impression, [is] misleading in context, or [is] likely to deceive consumers." *Id.* (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1261 (11th Cir. 2004)). "[C]ourts 'must analyze the message conveyed in full context' and 'must view the face of the statement in its entirety.'" *See Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010) (quoting *Johnson & Johnson Vision Care, Inc. v. 1–800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002)) (Lanham Act); *Hi-Tech*, 910 F.3d at 1198 (looking to what the defendant's label "would induce a reasonable consumer to believe").

Applying those principles to Lorenzo's unjust enrichment claim, he has not alleged the existence of any advertisement that could plausibly mislead a reasonable consumer to believe Coors Light was only brewed in the Rocky Mountains or with pure Rocky Mountain spring water. As the district court correctly found, none of the statements Lorenzo cites make those claims. The main

marketing phrase Lorenzo relies on is a slogan that claims Coors Light is "Born in the Rockies."  But that's a true statement—Lorenzo himself alleges that Coors the brand, and Coors Light the beer, both had their inception in Golden, Colorado at the base of the Rocky Mountains.  And there's nothing in this four-word phrase that supports a plausible inference that a reasonable consumer would read it to convey that the individual cans of beer were all brewed in the Rocky Mountains.  *See Hi-Tech*, 910 F.3d at 1198.

The other advertisements Lorenzo cites in his amended complaint also don't imply Coors Light is exclusively brewed in the Rocky Mountains.  To address a few examples, he references one advertisement that claims Coors's "mountain" is "brewing the world's most refreshing beer."  Lorenzo cited the full video at a now-defunct web address in his complaint, thereby incorporating it into his complaint.  *Cf. Baker v. City of Madison*, 67 F.4th 1268, 1276–77 (11th Cir. 2023) (discussing that a video referenced in a complaint may be considered even when attached to a motion to dismiss).  [*Id.*]  The full video, in context, makes clear that the "mountain" in this advertisement isn't literal—a person's "mountain" can include, for example, something "that stand[s] in [his] way," "push[es] [him] further," or "inspire[s]" him.  Coors's "mountain," according to the advertisement, is "brewing the world's most refreshing beer."  It never claims to achieve that only in the Rocky Mountains anywhere in the advertisement.  Two other videos Lorenzo cites only claim that mountains "inspired" Coors while displaying pictures of snowy mountains.  Lorenzo

identifies no statement in these videos that even purports to claim where Coors Light is brewed.

None of the non-video materials Lorenzo cites are different—they, like the "Born in the Rockies" slogan and the videos, only allude to the Rocky Mountains or mountains generally. The same goes for Coors Light's packaging; it simply contains the "Born in the Rockies" slogan alongside a picture of mountains. And Lorenzo doesn't point to a single statement that claims Coors Light is brewed with pure Rocky Mountain spring water. Because Lorenzo does not identify any statement we can plausibly infer as claiming Coors Light is exclusively brewed in the Rocky Mountains or that it's brewed using pure Rocky Mountain spring water, we agree with the district court that he failed to state a plausible unjust enrichment claim.[1]

Lorenzo responds that his claim can't be adjudicated at the motion to dismiss stage because he invokes the "reasonable person standard," inviting us to adopt a bright-line rule that insulates

---

[1] There's another reason Lorenzo's unjust enrichment claim fails. Lorenzo alleged that he bought Coors Light at the supermarket; he did not allege that he purchased anything from Coors directly. That's a problem for Lorenzo because, under Florida law, "the plaintiff must directly confer a benefit to the defendant" to sustain an unjust enrichment claim. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)). By purchasing Coors Light at the store, Lorenzo "[a]t most . . . conferred an indirect benefit" to Coors, which is not sufficient to state a claim. *See id.* at 1102 (dismissing unjust enrichment claim against Bacardi because the plaintiff only made purchases at Winn-Dixie).

essentially all claims like his from motions to dismiss.  But the reasonable-person standard is an objective one.  *See Humana, Inc. v. Castillo*, 728 So. 2d 261, 265 (Fla. Ct. App. 1999).  And some representations are objectively not misleading.  Indeed, we have reviewed false advertising claims at the motion to dismiss stage and explicitly considered whether the alleged facts allowed us to infer "that a reasonable consumer" would find the defendant's packaging misleading.  *See, e.g.*, *Hi-Tech*, 910 F.3d at 1196.  And the cases Lorenzo cites do not support a categorical rule that a court cannot consider how a reasonable person would understand an advertisement at the motion to dismiss stage.  *See, e.g.*, *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477 (7th Cir. 2020) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified."); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (stating that dismissals of claims brought under the California Unfair Competition Law are "rare" but "have occasionally been upheld").

## CONCLUSION

In short, because we agree with the district court that Lorenzo hasn't identified any advertisement that could plausibly mislead a reasonable consumer, we affirm the dismissal of Lorenzo's damages claim.

**AFFIRMED.**